Susan B. Geffen, Esq. (SBN 146793)
Law Offices of Susan B. Geffen
1732 Aviation Blvd, Suite 228
Redondo Beach, California 90254
Telephone: 310.406.0608
Facsimile:  310.773.9263
Email: susanbgeffen@gmail.com

Attorney for NANCY IGDALOFF and SUSAN IGDALOFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE TORRES, an individual; and ROBERTA TORRES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HAROLD IGDALOFF, et al.,<br><br>Defendants.<br>_____<br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Defendant and Cross-Claimant,<br><br>vs.<br><br>HAROLD IGDALOFF, et al,<br><br>Defendants and Cross-Defendants.<br>_____<br>AND RELATED CROSS-CLAIMS | Case No. 2:17-cv-04059-MCS-JEM<br><br>**NANCY IGDALOFF'S EX PARTE APPLICATION FOR ORDER QUASHING SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION**<br><br>The Hon. Mark C. Scarsi<br><br>Action filed: May 31, 2017<br><br>Trial Date: April 19, 2022 |

/ / /

/ / /

/ / /

TO CROSS-CLAIMANT UNION PACIFIC RAILROAD COMPANY AND ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, April 12, 2022 at 1:00 pm at 350 W. 1st Street, Courtroom 7C, Los Angeles, California, Non-Party NANCY IGDALOFF ("Nancy") hereby moves the District Court for the Central District of California to quash the subpoena issued by Cross-Complainant on April 5, 2022 commanding her to attend trial and testify as a witness in the instant matter on April 19, 2022 (Exhibit A hereto).

As discussed in the memorandum below, Cross-Claimant's subpoena should be quashed because it causes Nancy to travel outside of the 100-mile geographical limitations provided in Federal Rule of Civil Procedure 45(c)(1)(A), it was not served with reasonable notice, it causes an undue burden upon the Non-Party witness, and finally, Nancy was not listed on the Union Pacific Railroad Company's Trial Witness List [Document 403] and accordingly, violates this Honorable Court's Final Pretrial Conference Order [Document 453].

This motion, requested to be heard on an ex parte basis in light of the looming trial date, is made pursuant to Federal Rule of Civil Procedure 45(c) and is based on this notice, the attached memorandum of points and authorities, and on such oral argument as may be received by this Court. Counsel for Movant, Susan B. Geffen, met and conferred via telephone with counsel for UNION PACIFIC RAILROAD COMPANY, Elizabeth Dorsi, on Friday, April 8, 2022, and Ms. Dorsi indicated at that time that she does intend to oppose the instant application.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  Non-Party Movant NANCY IGDALOFF respectfully requests that this Court grant
2  this motion and quash the subpoena issued by UNION PACIFIC RAILROAD COMPANY
3  in its entirety.

5  DATED: April 11, 2022                    Respectfully submitted,
6                                            LAW OFFICES OF SUSAN B. GEFFEN
7                                            /s/ Susan Geffen
                                             ATTORNEYS FOR NANCY IGDALOFF
8                                            Susan B. Geffen, Esq. (SBN 146793)
9                                            Law Offices of Susan B. Geffen
                                             1732 Aviation Blvd, Suite 228
10                                           Redondo Beach, California 90254
11                                           Telephone: 310.406.0608

# INTRODUCTION

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Party Movant NANCY IGDALOFF respectfully moves this Court for an order quashing the trial subpoena served upon her and issued on behalf of this Court. The subpoena is invalid and must be quashed because it violates Rule 45 in that it was issued to an individual who is beyond the geographical subpoena power of this Court, as well as to an individual who is not listed on Cross-Claimant's Witness List and is thus in violation of this Court's Final Pretrial Conference Order, as discussed herein below. The Movant appears for the limited purpose of seeking to quash the trial subpoena, and expressly does not consent to this Court's jurisdiction over her.

# FACTUAL BACKGROUND

Non-Party Movant NANCY IGDALOFF resides in Northern California and is the daughter of Defendant Harold Igdaloff who has been involved in this protracted litigation since 2017. While Nancy has been aware of the existence of this lawsuit for a number of years, she has never been involved and has never heard from any of the attorneys of any parties in this matter until she was served with the subpoena at issue on or about April 6, 2022. Nancy is baffled as to how Cross-Complainant waited five (5) years to contact her, and then does so on the eve of trial with no notice.

# ARGUMENT

I. **The Subpoena Must Be Quashed Because It Was Improperly Issued And Served Beyond The Subpoena Power Of This Court, And Thus Is Void And Unenforceable**

Federal Rule of Civil Procedure Rule 45(d) ("Protecting a Person Subject to a Subpoena; Enforcement") sets forth in pertinent part as follows:

(3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified

in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

The trial subpoena served upon the Movant is invalid for three reasons: (1) The subpoena is in violation of FRCP 45(c)(A)(1); (2) The subpoena causes an undue burden upon Non-Party Movant; and (3) Cross-Claimant is in violation of the Court's Final Pretrial Conference Order. Accordingly, pursuant to FRCP 45, the subpoena must be quashed.

### A. Non-Party Movant Resides Outside the Geographical Limitations of Rule 45(c)

Rule 45(c)(1)(a) establishes the geographic limitations of a federal court's subpoena powers as "within 100 miles of where the person resides, is employed, or regularly transacts business in person."

It is well-settled law that subpoenas issued in violation of Rule 45 are "void and unenforceable." *Todd v. LaMarque*, No. C 03-3995 SBA, 2008 WL 2095513, at *3 (N.D. Cal. May 16, 2008)4 ("courts have held a subpoena is void and unenforceable, if issued from a district court which does not encompass the location of a deposition or production identified in the subpoena"); *see also Kremen v. Cohen*, No. C 98-20718 JW (PVT), 2007 WL 1119396, at *1 (N.D. Cal. Apr. 16, 2007) (quashing subpoenas that "violate Rule 45(a)(2)(C) because they were not issued from the court for the district where the productions were to be made"); *Kupritz v. Shavannah Coll. of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994) (holding that subpoena served in Pennsylvania for deposition to take place there was a "nullity" where subpoena was issued from Southern District of Georgia).

Should Cross-Claimant seek to rely on sub-section B of Rule 45(c)(1), such reliance would be equally misplaced as it sets forth that a person may be compelled by a subpoena to appear for trial:

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or

Case 2:17-cv-04059-MCS-JEM   Document 464   Filed 04/11/22   Page 6 of 12   Page ID #:11453

               (ii) is commanded to attend a trial and would not incur substantial expense.

Nancy is not a party nor a party's "officer." And, as set forth below, traveling hundreds of miles and taking unpaid time off work constitutes a "substantial expense."

If Cross-Claimant does not know, it most certainly suspects, that Non-Party Movant cannot be compelled to travel hundreds of miles from where she lives and works to testify in this case. For this reason alone, the subpoena should be quashed.

### B. <u>Undue Burden</u>

As set forth above, Rule 45(d)(3)(A)(iv) provides that a Court must quash a subpoena that subjects a person to an undue burden. In this instance, requiring Non-Party Movant Nancy Igdaloff to appear and testify as to matters unknown to her, travel hundreds of matters, take time off from work, and leave her family is a significant undue burden. Moreover, Nancy received the subpoena less than <u>two weeks</u> prior to the time requiring her to appear. Counsel for Union Pacific has been working on this case for five years. It would seem reasonable to provide a witness with far more than 13 days notice. These reasons serve as additional grounds for the Court's quashing of the subpoena.

### C. <u>Cross-Complainant is in Violation of the Final Pretrial Order</u>

Union Pacific Railroad Company's Trial Witness List [Document 403] lists ten (10) witnesses it intends to call at trial. Nancy Igdaloff <u>is not listed</u>. This Honorable Court's Final Pretrial Conference Order [Document 453] states at Section XI ("Witness Lists") that only those witnesses identified on Union Pacific's February 21, 2022 "will be permitted to testify." (Page 23, Line 11). Because Cross-Complainant is in violation of the Court's Order, the subpoena must be quashed.

### II. <u>Counsel For Cross-Claimant Should Be Sanctioned For Causing A Facially Invalid And Unenforceable Subpoena To Be Issued And Served</u>

Rule 45 allows attorneys to issue subpoenas on behalf of a court in which they are authorized to practice or where the action is pending. Fed. R. Civ. P. 45(a)(3)(A) & (B). "Abuse of this liberal authority is constrained by Rule 45(c), which subjects attorneys to a

NANCY IGDALOFF'S EX PARTE APPLICATION FOR ORDER QUASHING SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION

'sword of Damocles' when they overreach." *In re Shubov*, 253 B.R. 540, 547 (9th Cir. 2000) (quoting WRIGHT & MILLER, *supra*, § 2463). There can be no question that Cross-Claimant's counsel in this case has "overreached."

Rule 45(d) ("Protecting a Person Subject to a Subpoena; Enforcement") sets forth in pertinent part as follows:

> (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Rule 45(c)(1) directs courts "to enforce the duty in mandatory language" – the court 'shall enforce this duty' – that contemplates a liberal construction of what constitutes a breach." *Id*. at 547 (quoting Fed. R. Civ. P. 45(c)(1)).

Here, Cross-Claimant's counsel took no steps – much less "reasonable steps" – to avoid undue burden and expense on Movant. To the contrary, Cross-Claimant's counsel demonstrated an utter disregard for their duties under the Rules and no concern for the burden and expense imposed on the Movant by subpoenaing her out of the blue, with no notice and after five (5) years of litigation - - - all while knowing she resides more than 100 miles from the Court and was not named on their witness list.

"When a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of . . . Rule 45(c)(1)." *Id*. Here, "[i]t is apparent that" Cross-claimant's counsel "breached their duty to avoid undue burden or expense" because the invalid subpoena "should never have issued. Nobody should have been required to read [them] or to do anything else in connection with [them]." *Id*; *see also Cincinnati Ins. Co. v. Cochran*, No. 5:05cv93/RV/MD, 2005 WL 5277203, at *6 (N.D. Fla. Sept. 22, 2005), *aff'd* 198 F. App'x 831 (11th Cir. 2006) (imposing sanctions for subpoena that violated Rule 45(a)(2)(C)).

In this instance, the invalid subpoena has caused the undue burden or expense

contemplated by Rule 45(c)(1) because it required counsel to divert her attention from preparing for trial in another matter to prepare this motion to quash on an expedited basis. *See Watson v. State of Montana*, No. CV-04-16-H-CSO), 2006 WL 2095420, at *3 (D. Mont. July 27, 2006) (imposing sanctions for issuance of invalid subpoena even though subpoena for production of documents was quashed because "defense counsel were required to divert their attention from preparation of trial to prepare their motion to quash").

As the Ninth Circuit found in *In re Shubov*, the language in Rule 45(c)(1) is mandatory and the Court "shall enforce this duty and shall impose upon the party or attorney in breach of this duty an appropriate sanction. . . ." 253 B.R. at 547. Accordingly, Non-Party Movant Nancy Igdaloff respectfully requests that Cross-Claimant's counsel be sanctioned in the form of attorneys fees she has been forced to incur in seeking to quash the subpoena served against her.

## CONCLUSION

For all of the foregoing reasons, Non-Party Movant NANCY IGDALOFF respectfully requests the Court issue an immediate Order quashing the Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action issued on behalf of this Court and served upon her, and that the Court impose upon Cross-Claimant's counsel any and all sanctions the Court deems appropriate.

DATED: April 11, 2022

Respectfully submitted,

LAW OFFICES OF SUSAN B. GEFFEN

/s/ Susan Geffen
ATTORNEYS FOR NANCY IGDALOFF
Susan B. Geffen, Esq. (SBN 146793)
Law Offices of Susan B. Geffen
1732 Aviation Blvd, Suite 228
Redondo Beach, California 90254
Telephone: 310.406.0608
Facsimile:  310.773.9263

# EXHIBIT A

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| George Torres et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:17-cv-04059-MCS-JEM |
| Harold Igdaloff et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Nancy Ellen Igdaloff, 601 Alvarado Street, San Francisco, CA 94114

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: 350 W. 1st Street<br>Los Angeles, CA 90012-4565 | Courtroom No.: 7C |
|---|---|
| | Date and Time: 04/19/2022 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/05/2022

CLERK OF COURT                              OR

_____             _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Union Pacific Railroad Company, who issues or requests this subpoena, are:

Elizabeth Dorsi, Farella Braun + Martel LLP, 235 Montgomery Street, 17th Floor, San Francisco, CA 94104
edorsi@fbm.com, (415) 954-4400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:17-cv-04059-MCS-JEM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).