Sarah P. Bell (State Bar No. 227082)
  sbell@fbm.com
Elizabeth Dorsi (State Bar No. 282285)
  edorsi@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant Union Pacific Railroad Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE TORRES, an individual; and ROBERTA TORRES, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> HAROLD IGDALOFF, *et al.*, <br><br> Defendants. | Case No. 2:17-cv-04059-MCS-JEM <br><br> **UNION PACIFIC RAILROAD COMPANY'S OPPOSITION TO SUSAN IGDALOFF'S [ECF NO. 465] AND NANCY IGDALOFF'S [ECF NO. 464] EX PARTE APPLICATIONS TO QUASH TRIAL SUBPOENAS** <br><br> Filed Concurrently with Declaration of Elizabeth A. Dorsi <br><br> The Hon. Mark C. Scarsi <br><br> Trial Date: April 19, 2022 |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation <br><br> Defendant and Cross-Claimant, <br><br> vs. <br><br> HAROLD IGDALOFF, *et al.*. <br><br> Defendants and Cross-Defendants. | |
| AND RELATED CROSSCLAIMS | |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

34999\14733042.1

## I. INTRODUCTION

On the eve of trial, Union Pacific finds itself on the other side of Alice's looking glass—where everywhere it turns, it is faced with a new, even more baffling obstacle than before. Union Pacific's efforts to confer with Igdaloff[1] have been blocked at every turn. First by Igdaloff's prior counsel, Mr. Fangary, who refused to comply with his meet and confer obligations.[2] And now by Ms. Geffen, counsel for Harold Igdaloff's daughters, Ms. Nancy Igdaloff and Dr. Susan Igdaloff, who claims she and her clients have no involvement in this matter, blames Igdaloff and his conservatorship counsel for the situation that her clients find themselves in, and, by refusing to accept reasonable trial testimony accommodations offered by Union Pacific, instead resorts to this eve-of-trial attempt to prevent Union Pacific from efficiently presenting evidence that in any other trial would be undisputed.

As a preliminary matter, Ms. Nancy Igdaloff and Dr. Susan Igdaloff purport to have each filed an ex parte application supporting a request to quash their respective subpoenas. Both applications are procedurally deficient. The claims asserted in the application filed by Ms. Nancy Igdaloff (ECF No. 464) are unsupported by declaration or evidence supporting those claims. And the application ostensibly filed by Dr. Susan Igdaloff (ECF No. 465) instead attaches the same memorandum supporting Ms. Nancy Igdaloff's motion to quash, although the supporting declaration and a proposed order are both specific to Dr. Susan Igdaloff. While these deficiencies mean there is no legal basis supporting Dr. Susan Igdaloff's application and no factual basis supporting Ms. Nancy Igdaloff's

---

[1] "Igdaloff" means and refers to Cross-Defendants Harold Igdaloff, Estate of Evelyn Igdaloff, Deceased, and the Igdaloff 1993 Family Trust, by and through its trustee, Harold Igdaloff.

[2] Mr. Igdaloff has continued in this vein, failing to respond to Union Pacific's multiple inquiries as to whether Mr. Igdaloff has or intends to retain trial counsel, and whether Mr. Igdaloff intends to cross-examine any of Union Pacific's witnesses.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

2

34999\14733042.1

application, Union Pacific nevertheless provides this Opposition based on its best guess as to the basis of Dr. and Ms. Igdaloffs' claims.[3]

In light of these procedural deficiencies, and because of the significantly overlapping issues, Union Pacific's opposition responds to both ex parte applications in this single brief (which will be filed in response to both motions).

## II. FACTUAL BACKGROUND

### A. Mr. Igdaloff's Daughters Have Actively Participated in this Litigation.

Union Pacific is baffled by the claims asserted by Dr. Susan Igdaloff and Ms. Nancy Igdaloff that they "ha[ve] never been involved and ha[ve] never heard from any of the attorneys of any parties in this matter until [they were] served with the subpoena."[4]  These claims are patently false.  Both daughters have featured prominently in this litigation since at least summer 2021—for example:

***The Igdaloff Daughters participated in mediation in July 2021.***—Both Susan and Nancy Igdaloff participated in settlement discussions on behalf of Igdaloff in summer 2021, including a mediation session with Union Pacific and mediator Timothy Gallagher on July 28, 2021.  ECF No. 390-3 at Page ID 9535 ("Nancy and I spoke with Mr. Fangary on two occasions in early July 2021 to become familiar with the lawsuit and we participated in another call with some of

---

[3] The Igdaloffs' filing deficiency was not cured by compliance with the Court's Standing Order that the moving party serve the opposing party its filed ex parte papers and to advise that the opposing papers must be filed no later than 24 hours following such service.  Dorsi Decl. ¶ 21.  Although Ms. Geffen's colleague forwarded copies of certain of the ex parte filing documents in advance of the parties' meet and confer call on Friday, April 8, Union Pacific has never received a copy of a signed declaration from Nancy Igdaloff.  Dorsi Decl. ¶ 22.

[4] The application brought on behalf of Nancy Igdaloff lacks *any* support for this claim—she has executed no declaration under penalty of perjury and, as described above, the record evidence flatly contradicts such claim.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

3

34999\14733042.1

the other defendants to begin settlement negotiations."). Indeed, in her declaration filed in the conservatorship action and refiled by Igdaloff in this action, Dr. Susan Igdaloff states: "Nancy and I spoke with Mr. Fangary on two occasions in early July 2021 to become familiar with the lawsuit and we participated in another call with some of the other defendants to begin settlement negotiations." ECF No. 390-3 at 2:25-27.

***The Igdaloff Daughters have both submitted written declaration in this action.***—Both Susan and Nancy Igdaloff have submitted declarations in this action. Dr. Susan Igdaloff filed a declaration (ECF No. 380-1) in support of the Igdaloff Defendants' motion to continue trail filed on July 19, 2021:

> My sister Nancy Igdaloff and I are currently evaluating various options to determine how we may be able to have the authority to give direction in this case and/or to participate in settlement discussions, in the event Harold is unable to do that due to his current physical and mental capacity. . . . Due to the upcoming trial date of September 14, 2021, my sister and I believe that seeking a continuance of the trial date is necessary to allow us an opportunity to take the necessary steps so that we can be authorized to give direction regarding this case and to take other necessary actions to assist our father in managing the case.

Ms. Nancy Igdaloff has submitted substantively identical declarations on December 15, 2022 and February 22, 2022:

> Due to the upcoming trial date, my sister and I believe that seeking a continuance of the trial date is necessary to be able to give direction regarding the ongoing litigation and provide funding to retain expert witnesses and other litigation expenses after the court issues the Letters of Conservatorship. Further, continuing the trial date will allow the parties additional time for potential settlement discussions.

ECF No. 390-2 at ¶ 23; ECF No. 442-2 at ¶ 23.

***The Igdaloff Daughters' role in becoming conservators of Mr. Igdaloff's Estate has been critical to the trial continuance.***—Similarly, Susan and Nancy Igdaloff featured prominently in the Igdaloffs' many applications to continue the trial date. ECF No. 380 at 2:9-17) (discussing need for continuance so that Nancy

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

4

34999\14733042.1

and Susan Igdaloff could be authorized to give direction regarding the cases).

***The Igdaloff Daughters' failure to pay Mr. Hangary's legal bills formed the grounds for his withdrawal motion.***—Susan and/or Nancy Igdaloff's decision to pay outstanding invoices from some litigation vendors and experts, but not to pay Mr. Fangary's attorneys' fees and/or execute an updated retention agreement with him, featured prominently in Mr. Fangary's motion to withdraw.

***Union Pacific has repeatedly been informed that the Igdaloff Daughters were Mr. Fangary's clients.***—Susan and Nancy's participation in this litigation is further bolstered by Mr. Fangary's repeated reference to the two of them as his "clients." Union Pacific had been informed repeatedly that both Susan and Nancy were represented by Mr. Fangary in this case, and were on notice that they were represented by Ms. Geffen in the conservatorship action such that it would have been improper for Union Pacific to reach out to them directly. *See* Dorsi Decl. ¶¶ 4, 4(a), and 4(b) & Exs. 2-3. Any claim that Union Pacific's counsel did not reach out directly to either Susan or Nancy Igdaloff is not evidence of the sisters being blindsided in this litigation—it is consistent with the professional obligations that Union Pacific's counsel may not directly contact represented parties. Rather, they were both Mr. Fangary's clients at the time when the Court re-set this trial for April 19, and during the period when Igdaloff should have been preparing for trial (including preparing the first round of pre-trial filings). Dorsi Decl. ¶ 4(a), Ex. 2 (Mr. Fangary discussing trial dates that his client would be available due to *her* other obligations); *see also id.* ¶ 2; ECF No. 416. Certainly, one or both of Mr. Igdaloff's daughters knew of the upcoming trial, and their conservatorship counsel was similarly well aware of the upcoming trial date.

**B.    Union Pacific's Attempts to Determine if Mr. Igdaloff Will Be Represented at Trial and, if so, by Whom Have Gone Unanswered.**

Union Pacific is in this position in large part because it has been unable to engage in any of the pretrial conference and information gathering that is necessary

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

5

34999\14733042.1

to move a case of this complexity to trial. Without counsel or a party to deal with, Union Pacific has been unable to reach any stipulations as to facts that are not reasonably in dispute and instead must put on witnesses and evidence to establish all predicate facts.

Union Pacific has made repeated attempts to determine whether Mr. Igdaloff will be represented by counsel at trial so that basic preliminary issues can be addressed. On Wednesday, March 23, Union Pacific contacted counsel for Mr. Igdaloff in the conservatorship action, Messrs. Ostrin and Oldman to inquire as to whether Mr. Igdaloff had retained counsel for the upcoming trial and to discuss outstanding issues that needed to be resolved in advance of trial. Dorsi Decl. ¶ 6, Ex. 4. Union Pacific was informed that neither Mr. Ostrin nor Mr. Oldman would be representing Mr. Igdaloff in this action, though both agreed to discuss this further. *Id.* Mr. Ostrin subsequently responded to note that it was Ms. Geffen (who he copied) and her clients who had gotten Mr. Igdaloff into "this situation" by failing to manage the litigation when they were ostensibly in charge, to which Ms. Geffen responded by similarly placing the blame on Mr. Oldman and Mr. Ostrin. Dorsi Decl. ¶ 7, Ex. 12. No one responded to Union Pacific's final plea that it be notified if Mr. Igdaloff were to retain counsel and that there were pretrial issues to discuss. *Id.*

Having heard nothing further, on April 1, 2022, Union Pacific again emailed Mr. Ostrin and Mr. Oldman to inquire as to Union Pacific's intention to seek clarification from the Court regarding the number of hard copy exhibits to be lodged with the Court. Dorsi Decl. ¶ 9 & Ex. 14. Again Mr. Ostrin responded that he does not represent Mr. Igdaloff in this action, and again he copied Ms. Geffen in his response. *Id.* When Union Pacific further inquired as to whether Mr. Igdaloff had retained counsel, Ms. Geffen responded back that she does not represent Mr. Igdaloff, that her clients are not Mr. Igdaloff's conservators, and for Union Pacific to "Please stop emailing me." *Id.*

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

6

34999\14733042.1

Most recently, Union Pacific was contacted on Monday, April 11, by experienced CERCLA counsel who stated that he had been retained—in an advisory capacity only, and **not as trial counsel**—on behalf of Mr. Igdaloff solely to try to reach a last-minute settlement in advance of trial. This lawyer explicitly stated that he will not be counsel of record to defend Mr. Igdaloff at trial in this case. Dorsi Decl. ¶ 20. Based on this development, Union Pacific presumes that Mr. Igdaloff will not be represented at trial, and Union Pacific does not even know whether Mr. Igdaloff will be present at trial.

### III. UNION PACIFIC'S SUBPOENAS ARE PROCEDURALLY PROPER AND SHOULD BE ENFORCED BY THIS COURT.

#### A. Union Pacific's Identification of Dr. Susan Igdaloff as a Trial Witness and the Scope of Anticipated Testimony

By now, this Court is well acquainted with Igdaloff's failure to engage in any pre-trial conferences, exchange of information, or the filing of substantive pre-trial filings. See ECF No. 467. Union Pacific made numerous efforts to exchange such information and reach agreements wherever possible, but to no avail. Included in the draft joint filings exchanged and Union Pacific's subsequent pre-trial filings in accordance with Rule 16-3 and this Court's standing orders, Union Pacific expressly identified Dr. Susan Igdaloff as a possible witness for the limited purpose of testifying as to Mr. Igdaloff's ability to pay a judgment.[5] ECF No. 413 at 4.

On February 16, 2022, Union Pacific served a copy of its witness list identifying persons that it intended to call at trial upon Igdaloff's then-counsel Hany Fangary. Dorsi Decl. ¶ 3, Ex. 1. That list specifically included Susan Igdaloff as a trial witness and specified that the limited scope of her testimony was regarding Mr. Igdaloff's ability to pay a judgment. *Id.* At that time, both Dr. Susan Igdaloff and

---

[5] A party's ability to pay is one of the Torres factors used in consideration of determining the equitable allocation to a party. *United States v. Davis*, 31 F. Supp. 2d 45, 63 (D.R.I. 1998), *aff;d*, 261 F.3d 1 (1st Cir. 2001) (Torres, J.) (establishing the "Torres" factors).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

7

34999\14733042.1

Ms. Nancy Igdaloff were the temporary conservators for Igdaloff and ostensibly Mr. Fangary's clients.

The fact that Union Pacific's witness list identifies only Dr. Susan Igdaloff and not Nancy Igdaloff directly results from the failure of Igdaloff to meet and confer in advance of pretrial disclosures. Union Pacific shared its final version of its witness list with Igdaloff on February 16, 2022 and specifically identified Dr. Susan Igdaloff as a testifying witness regarding Mr. Igdaloff's ability to pay a judgment. The * designation next to Dr. Igdaloff's name indicates that this is a witness that will be called only as the need arise. Union Pacific's designation of Dr. Igdaloff's testimony in that manner reflects Union Pacific's continued hope that Igdaloff's approximate finances, which have consistently been described as being above $10M,[6] was an area for which the parties could reach a stipulation and avoid the time and expense of requiring witnesses to testify as to such matters. But alas, a stipulation requires two parties to reach an agreement, and Union Pacific's requests have gone unanswered.

Union Pacific first reached out to Ms. Geffen, Dr. Susan Igdaloff's counsel in the conservatorship action on April 1, 2022 to ask whether she would extend the common courtesy of accepting service of the trial subpoena on Susan's behalf. Ms. Geffen responded that she 'would check.' Dorsi Decl. ¶ 10, Ex. 5. On April 5, after having received no further response from Ms. Geffen, Union Pacific again inquired as to whether Ms. Geffen was authorized to accept service on behalf of Susan and Ms. Geffen responded that Union Pacific would have to proceed with formal service

---

[6] This estimate is consistent with Mr. Igdaloff's own estimate of the value of his property holdings as being between $10-14 million, as he reported to Dr. Aaron Greene during a geriatric evaluation (which found Mr. Igdaloff competent). This report was filed by Mr. Igdaloff in support of his opposition to Nancy and Susan Igdaloff's conservatorship action and subsequently filed with this Court in support of Igdaloff's continuance/withdrawal requests. ECF No. 408-1.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

8

34999\14733042.1

of the trial testimony subpoena. Dorsi Decl. ¶ 11, Exs. 5 & 6. Notably, Ms. Geffen did not inform Union Pacific that Susan was allegedly unavailable to testify on April 19 or April 20 because of a surgery scheduled for April 21. Dorsi Decl. ¶ 16. Any claim that Union Pacific did not provide sufficient notice or should be "sanctioned" is ridiculous.

Similarly, Ms. Nancy Igdaloff's complaints that the subpoena is somehow untimely is belied by the fact that it was Ms. Geffen who alerted Union Pacific to the fact that Susan might not be the proper person to testify regarding Mr. Igdaloff's financial status. Dorsi Decl. ¶ 10, Ex. 5. Instead, Ms. Geffen pointed out that it was instead Nancy Igdaloff who was in charge of Mr. Igdaloff's financial affairs. *Id.* In any other case, this type of confusion would have been resolved during pretrial conferences amongst counsel. Indeed, as this Court has already noted, Mr. Igdaloff's daughters were in charge of this litigation during the period in which such conferences should have, but did not, occur. ECF No. 416. But this isn't any other case. Instead, as is well documented already here, Union Pacific's every attempt to exchange information, much less reach consensus was ignored. Again, Union Pacific can only presume that Ms. Nancy Igdaloff was well aware of the April 19, 2022 trial date because it was set during the time period that she was represented by Mr. Fangary and acting on Igdaloff's behalf.

Union Pacific accordingly intends to revise its witness list to identify Nancy Igdaloff in advance of the Court's April 15, 2022 deadline to file amended witness lists.

**B.    Compliance with Union Pacific's Trial Subpoena Will Not Impose "Substantial Expense" or Unduly Burden Nancy or Susan Igdaloff.**

Nancy Igdaloff's application to quash the subpoena commanding her to testify is based on her residency in Northern California and the "substantial expense" for compliance. This interpretation is based on a skewed reading of Federal Rule of Civil Procedure 45(c)(1)(B)(ii), which states that the place of

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

9

34999\14733042.1

compliance for a subpoena to testify at trial includes: "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Nancy Igdaloff lives in San Francisco and is thus a California resident. But her petition provides only conjecture without any supporting evidence or analysis that attendance to offer brief testimony at trial would cause her to "incur substantial expenses."

Union Pacific is unable to refute the specifics of Ms. Nancy Igdaloff's situation without knowing them; however, even the bald assertions presented in the motion itself are refutable. First, Ms. Igdaloff asserts that she would be testifying "as to matters unknown to her." Yet Ms. Igdaloff served as the temporary conservator of Mr. Igdaloff's estate for several months, took care of paying his bills, and ostensibly took control over his accounts. She can surely testify as to Mr. Igdaloff's approximate net worth/ability to pay based on her knowledge of his assets during her period as temporary conservator. Second, she states that she would need to travel hundreds of miles to attend trial. Union Pacific has already paid Ms. Nancy Igdaloff $454.45 in witness fees that are based, in large part, on the statutorily-required mileage fees given the distance between her residence and the courthouse. In light of these paid fees, Ms. Igdaloff's claim regarding any "substantial expense" lacks basis in fact.[7] Third, Ms. Igdaloff's claim that she would have to take time off from work is unsubstantiated and the Court is given no means to weigh the impact of taking a single day off work nor any description of Ms. Igdaloff employment. Similarly, and finally, Ms. Igdaloff claims that she

---

[7] Indeed, counsel for Union Pacific calculated the cost, as of April 11, 2022, for Ms. Igdaloff to fly roundtrip from San Francisco International Airport to Burbank Airport on April 19, 2022. The cost, including fees and taxes, was $227.97, leaving more than enough funds to cover ground transportation and food without paying anything out of pocket. Dorsi Decl. ¶ 19, Ex. 11.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

10

34999\14733042.1

would be burdened by being away from her family. Again, without more, the Court has no means to weigh this burden and Union Pacific is deprived of any opportunity to respond.

The petition further fails to describe the accommodations that Union Pacific offered to reduce any burden on Ms. Igdaloff. First, Union Pacific assured Ms. Igdaloff that if she needed to come to court in-person, Union Pacific would ensure that such testimony would be completed on April 19, so as to avoid any overnight stay or additional expense. Dorsi Decl. ¶ 17. But second, and more significantly, Union Pacific offered to seek leave to submit a written testimony declaration by Ms. Igdaloff (in lieu of live trial testimony) attesting to Igdaloffs' assets during the period in which she was the temporary conservator. *Id.* Union Pacific's proposed accommodation was rejected outright. Dorsi Decl. ¶ 18.

With respect to the burden claimed by Dr. Susan's Igdaloff in responding to her subpoena, Union Pacific is only able to respond to the limited accusations appearing in Dr. Susan Igdaloff's declaration as there is no accompanying memorandum. Any claims that Dr. Susan Igdaloff is ignorant to Mr. Igdaloff's assets is belied by the declaration that she filed in the conservatorship action in which she spoke at length, under penalty of perjury, regarding Mr. Igdaloff's assets. ECF No. 390-3 at Page ID 9534-9540. However, earlier notice to Union Pacific of Dr. Igdaloff's surgery, such as when Union Pacific first reached out to Ms. Geffen on April 1, could have helped to alleviate some of these concerns. As an accommodation, Union Pacific proposed that it reach out to the Court to see if she could testify by Zoom. Dorsi Decl. ¶ 17. Again, this accommodation was rejected outright. Dorsi Decl. ¶ 18.

C. **Sanctions Against Union Pacific for the Igdaloff Daughters' Newfound Decision to Disavow Their Involvement in This Litigation Lack Basis.**

Union Pacific finds it incredible that the Igdaloff sisters would move to sanction Union Pacific for its good faith attempt to subpoena them for trial. The

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

11

34999\14733042.1

request for sanctions is perhaps not quite as absurd as Nancy and Susan Igdaloff's claims that they have had no involvement in this lawsuit, but still preposterous.

And it is Union Pacific, and Union Pacific alone, that has "take[n] reasonable steps to avoid imposing undue burden or expense on persons subject to the subpoena." Yet Union Pacific's efforts have been rejected out of hand—apparently on the basis that Susan and Nancy Igdaloff are not willing to cooperate in any way in this lawsuit now even though they have been involved at least since Summer 2021, and they were Igdaloff's conservators and the de facto parties to this action during the critical period when Igdaloff should have been preparing for trial and preparing the first round of pretrial filings.

### D. Union Pacific Is Amenable to Alternate Means of Obtaining Dr. Igdaloff and Ms. Igdaloff's trial testimony.

As described above, Union Pacific has offered alternative means of testifying to Dr. Igdaloff's assets, but both were rejected. If the Court sees fit, Union Pacific is still amenable to these low-burden options.

Alternatively, the subpoenas may be moot, if the Court were to now rule—in advance of trial—that the following documents are sufficient to establish Mr. Igdaloff's ability to pay a seven figure judgment: (1) the geriatric report submitted by Mr. Igdaloff in both the conservatorship action and this one—in which he describes his property holdings as being worth $10 to $15 million (ECF No. 408-1 at Page ID 10001); (2) public title reports indicating the properties that he owns and their estimated values (Tr. Ex. 382); and (3) statements made in Nancy Igdaloff's and Susan Igdaloff's declarations in this matter regarding Mr. Igdaloff's numerous properties owned and managed, and the associated tax bills on such properties (ECF No. 390-3). These are precisely the types of stipulations that Union Pacific sought and to which Union Pacific received no response.

### IV. CONCLUSION

Union Pacific has been drawn into an elaborate shell game in which it is

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

12

34999\14733042.1

constantly trying to figure out who is the attorney or party to speak to in order to discuss upcoming issues for trial. The instant applications to quash trial testimony subpoenas by Mr. Igdaloff's daughters are yet another shifting of the cups in an attempt to hide the ball from Union Pacific and further complicate its ability to try this case. Accordingly, Union Pacific requests that the Court deny the motions to quash or, in the alternative, require Nancy and Susan Igdaloff to execute declarations and/or appear in court by Zoom. If, however, the Court holds that the evidence presented and referenced herein is sufficient evidence of Igdaloff's to pay a seven-figure judgment, then such testimony would no longer be required.

Dated:  April 12, 2022              FARELLA BRAUN + MARTEL LLP


                                    By:    /s/ Elizabeth A. Dorsi
                                           Elizabeth A. Dorsi

                                    Attorneys for Defendant Union Pacific Railroad Company

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UPRR'S OPP'N TO IGDALOFF DAUGHTERS' EX PARTE APPL. TO QUASH TRIAL SUBPOENAS
CASE NO. 2:17-cv-04059-MCS-JEM

13

34999\14733042.1