Sarah P. Bell (State Bar No. 227082)
　sbell@fbm.com
Elizabeth Dorsi (State Bar No. 282285)
　edorsi@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant Union Pacific Railroad Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE TORRES, an individual; and ROBERTA TORRES, an individual,<br><br>　　　Plaintiff,<br><br>vs.<br><br>HAROLD IGDALOFF, *et al.*,<br><br>　　　Defendants.<br> | Case No. 2:17-cv-04059-MCS-JEM<br><br>**UNION PACIFIC RAILROAD COMPANY'S OPPOSITION TO EX PARTE APPLICATION TO CONTINUE THE TRIAL DATE BY THIRTY (30) DAYS**<br><br>Filed Concurrently with the Declaration of Sarah P. Bell<br><br>The Hon. Mark C. Scarsi<br><br>Trial Date: April 19, 2022 |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation<br><br>　　　Defendant and Cross-Claimant,<br><br>vs.<br><br>HAROLD IGDALOFF, *et al.*.<br><br>　　　Defendants and Cross-Defendants. | |
| AND RELATED CROSSCLAIMS | |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPP'N TO EX PARTE APPL.
TO CONT. TRIAL DATE –
CASE NO. 2:17-cv-04059-MCS-JEM

34999\14735322.1

In a final hail-Mary pass, the Igdaloffs[1] again move to continue the trial date in this action. But unlike in the Igdaloffs' prior applications (ECF Nos. 380, 390, 426), the requested extension does not rest on allowing Igdaloffs' counsel sufficient time to prepare for trial or to coordinate with and seek direction from Mr. Igdaloff. Rather, the sole point of the Igdaloffs' latest ex parte application filed by Mr. Igdaloff's conservatorship attorney, Marshal Oldman is that Mr. Oldman has recently retained attorney Gary Meyer from the Parker Miliken law firm to assist Mr. Oldman in reaching an out-of-court settlement on behalf of the Igdaloffs. Neither Mr. Oldman nor Mr. Meyer have appeared as attorney of record in this action. *And apparently, neither intends to do so in order to defend the Igdaloffs at trial if an additional round of settlement discussions is unsuccessful.* Decl. of Sarah P. Bell in Supp. of Opp'n to Ex Parte Appl. ("Bell Decl.") ¶¶ 3-9.

In fact, the application is notably silent as to what will happen if, after the 30 days expire, the parties have not reached a settlement agreement. While Union Pacific's counsel does have a productive relationship with Mr. Meyer, and while Mr. Meyer's credentials as an environmental litigator may be impressive, he has not been retained to provide such services. Mr. Meyer's retention is limited to advising and assisting Mr. Oldman "in attempting to reach an out of court settlement with Union Pacific on behalf of the Igdaloffs." Ex Parte Appl. at 2:13-15, ECF No. 468. There is no indication that if a settlement is not reached, Mr. Meyer (or anyone else) will be representing the Igdaloffs at a trial set to begin 30 days after April 19. Mr. Meyer's retention is apparently limited to working with Union Pacific and mediator Timothy Gallagher to attempt to settle this dispute. Bell Decl. ¶¶ 9-13.

All indications are that the Igdaloffs have no intention of retaining trial counsel in this case, either for a trial to begin on April 19, 2022, or thirty days later.

---

[1] "Igdaloffs" means and refers to Cross-Defendants Harold Igdaloff, Estate of Evelyn Igdaloff, Deceased, and the Igdaloff 1993 Family Trust.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPP'N TO EX PARTE APPL. TO CONT. TRIAL DATE –
CASE NO. 2:17-cv-04059-MCS-JEM

2

34999\14735322.1

Bell Decl. ¶¶ 3-8.  To the extent that the Igdaloffs failed to retain counsel in the weeks between this Court's March 18, 2022 Order granting Mr. Fangary's motion to withdraw, the granting of this application is unlikely to change that situation as it appears that the Igdaloffs would be starting their search fresh again.

Critically, Union Pacific has no reason to believe that mediation at this time will be any more successful than it was in December 2020, Spring 2021, July 2021, or in the months leading up to this trial.  Bell Decl. ¶¶ 2, 10-14.  Despite Mr. Oldman ostensibly holding Mr. Igdaloff's Power of Attorney ("POA"), he has acknowledged that this does not entitle him to enter into a settlement agreement on Mr. Igdaloff's behalf.  Bell Decl. ¶¶ 10-13.  Instead, any settlement decision must be made by Mr. Igdaloff himself.  Mr. Gallagher is a very experienced mediator in environmental cases like this one.  He has apparently made no significant headway with Mr. Igdaloff or Mr. Igdaloff's daughters (who participated in the July 2021 mediation session) in terms of generating a serious settlement offer, despite multiple mediation sessions and ongoing discussions.  Bell Decl. ¶¶ 2, 10-14.  If the Igdaloffs wanted to settle the case, they could have done so at any point in the last five years, and certainly in the last two years when mediation discussions were ongoing, or in July 2021 during the mediation session Mr. Gallagher conducted solely between Union Pacific and the Igdaloffs, or at any point in the last several months.

The parties are already on the eve of trial.  The cost for Union Pacific to prepare for and participate in trial is minimal at this point in comparison with the costs and fees likely to be incurred by a continuance and further mediation sessions—not to mention that a continuance merely gives the parties (and non-parties) more time to file ex parte applications like the three Union Pacific has had to oppose in the last two days.  In fact, except for the three ex parte applications Union Pacific has had to oppose in as many days, all of Union Pacific's pre-trial submissions have been filed, it has submitted written direct testimony for eight of its witnesses, it need not prepare for cross-examination of Igdaloffs' witnesses because

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPP'N TO EX PARTE APPL. TO CONT. TRIAL DATE –
CASE NO. 2:17-cv-04059-MCS-JEM

3

34999\14735322.1

this Court has already precluded them from testifying, and trial exhibits are already being printed at great expense to Union Pacific.  Putting Union Pacific's remaining (minimal) trial work on hold to instead pursue mediation is likely to cost Union Pacific more money in fees and expenses than simply moving forward to trial.  Bell Decl. ¶ 14.  This is especially true if mediation is unsuccessful and Union Pacific finds itself back in this same position in thirty days.

When approached by Mr. Meyer and Mr. Oldman regarding the possibility of continuing the trial date so that the parties could further explore mediation, Union Pacific's consent to such a request was predicated on the Igdaloffs' putting a serious settlement offer on the table as a show of Mr. Igdaloff's good faith intention to actually settle the case this time around.  No such offer has been received, and Union Pacific is not interested in further delay.  Bell Decl. ¶¶ 9-14.  There are several days left this week before trial begins.  If the Igdaloffs want to settle the case, Union Pacific is ready and available to discuss settlement this week.  Bell Decl. ¶ 15.

Union Pacific has already addressed in detail the prejudice it would suffer from another trial continuance.  ECF Nos. 393, 416, 432.  A further continuance only amplifies these prejudices, further inconveniences counsel and witnesses in this matter who have already cleared their schedules for next week's trial and booked trial and lodging (some of which are no longer reimbursable).  Furthermore, based on past and recent dealings, Union Pacific believes a further continuance for more mediation sessions bears little promise of success.  Bell Decl. ¶ 14.  Accordingly, Union Pacific respectfully requests that the Court deny the Igdaloffs' ex parte application and proceed with trial on April 19, 2022.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPP'N TO EX PARTE APPL. TO CONT. TRIAL DATE – CASE NO. 2:17-cv-04059-MCS-JEM

4

34999\14735322.1

| | | |
|---|---|---|
| 1 | Dated: April 13, 2022 | FARELLA BRAUN + MARTEL LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Sarah P. Bell |
| 5 | | Attorneys for Defendant Union Pacific Railroad Company |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPP'N TO EX PARTE APPL. TO CONT. TRIAL DATE – CASE NO. 2:17-cv-04059-MCS-JEM

5

34999\14735322.1