1  Sarah P. Bell (State Bar No. 227082)
    sbell@fbm.com
2  Elizabeth Dorsi (State Bar No. 282285)
    edorsi@fbm.com
3  Farella Braun + Martel LLP
  235 Montgomery Street, 17th Floor
4  San Francisco, California 94104
  Telephone: (415) 954-4400
5  Facsimile: (415) 954-4480

6  Attorneys for Defendant Union Pacific
  Railroad Company

7

8

9              UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  GEORGE TORRES, an individual; and ROBERTA TORRES, an individual, | Case No. 2:17-cv-04059-MCS-JEM |
| 12          Plaintiff, | **UNION PACIFIC RAILROAD COMPANY'S OPPOSITION TO MOTION FOR RECONSIDERATION** |
| 13     vs. | |
| 14  HAROLD IGDALOFF, *et al.*, | Filed Concurrently with Declaration of Elizabeth A. Dorsi |
| 15        Defendants. | The Hon. Mark C. Scarsi |
| 16  UNION PACIFIC RAILROAD COMPANY, a Delaware corporation | Date:      May 31, 2022 |
| 17      Defendant and Cross-Claimant, | Time:     9:00 a.m. Crtrm.:   7C |
| 18  vs. | |
| 19  HAROLD IGDALOFF, *et al.*. | Trial Date: June 7, 2022 |
| 20     Defendants and Cross-Defendants. | |
| 21  AND RELATED CROSSCLAIMS | |

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

34999\14783681.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ...................................................................................... 1

II.     BRIEF PROCEDURAL AND FACTUAL BACKGROUND ....................... 3

III.    ARGUMENT ............................................................................................. 5

        A.     Mr. Fangary Lacks Authority to Bring this Motion. ............................. 5

        B.     The Requested Relief Is Moot. .......................................................... 5

        C.     The Motion for Reconsideration Is Untimely. ..................................... 6

        D.     Mr. Fangary's Motion Fails to Meet the Legal Standard for
               Reconsideration. ............................................................................... 7

               1.     There Is No Factual Basis for Reconsideration of the
                      Court's Order Denying a Trial Continuance. ............................ 7

               2.     There Is No Factual Basis for Reconsideration of the
                      Court's Order Granting Union Pacific's Motion *in Limine*. ........ 9

        E.     The Court Should Sanction Mr. Fangary For Filing a Frivolous
               Motion. ............................................................................................ 10

IV.     CONCLUSION ...................................................................................... 13

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

i

34999\14783681.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*In re Brooks-Hamilton*,
    271 Fed. Appx. 654 (9th Cir. 2008) ..................................................................11

*Bus. Guides, Inc. v. Chromatic Comms. Enters., Inc.*,
    498 U.S. 533 (1991) .........................................................................................11

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990) .........................................................................................11

*Kona Enters., Inc. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000).............................................................................7

*Smith v. Ricks*,
    31 F.3d 1478 (9th Cir. 1994)............................................................................11

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir. 1990)....................................................................11, 12

*Zaldivar v. City of Los Angeles*,
    780 F.2d 823 (9th Cir. 1986)............................................................................11

### FEDERAL RULES AND REGULATIONS

C.D. Cal. R. 7-3 ......................................................................................................1

C.D. Cal. R. 7-12 ..................................................................................................10

C.D. Cal. R. 7-18 ............................................................................................6, 7, 8

C.D. Cal. R. 7-18(a) ................................................................................................8

C.D. Cal. R. 7-18(b) ................................................................................................8

C.D. Cal. R. 7.1 .......................................................................................................9

C.D. Cal. R. 9.4(c) ..................................................................................................9

C.D. Cal. R. 16-2 .....................................................................................................4

Fed. R. Civ. P. 11 ...........................................................................................5, 10, 11

Fed. R. Civ. P. 11(b)........................................................................................11, 12

Fed. R. Civ. P. 11(b)(2).........................................................................................11

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

ii

34999\14783681.2

Fed. R. Civ. P. 11(b)(3) ...................................................................................................12

Fed. R. Civ. P. 11(c) .......................................................................................................11

Fed. R. Civ. P. 11(c)(1) ...................................................................................................12

Fed. R. Civ. P. 11(c)(3) ...................................................................................................11

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

iii

34999\14783681.2

# I.  __INTRODUCTION__

One might think the parties and the Court would be free from the burden of responding to Hany Fangary's many motions seeking continuances, to reopen discovery, to be relieved of his obligation to meet and confer, or to submit pretrial filings (among many other topics) following this Court's March 18, 2022 Order granting Mr. Fangary's motion to withdraw as counsel for Igdaloff[1] (ECF No. 454)—not so, apparently.  Despite having been relieved of his duty to represent Igdaloff, Mr. Fangary has now filed a motion for reconsideration of the portions of this Court's March 18 Order granting Union Pacific's motion *in limine* and denying Igdaloff's request for continuance.  Notably, Mr. Fangary does not purport to have made this motion at Igdaloff's request.  Inexplicably, Mr. Fangary confirms on the one hand that he has withdrawn, while on the other hand, he continues to represent himself as "counsel" to Igdaloff (Fangary Mot. for Reconsideration at 1:2-4 (Apr. 25, 2022), ECF No. 473 ("Mot. for Recons.") and "attorneys of record" (ECF No. 473-1 at ¶ 1).  But Mr. Fangary withdrew.  In fact, the relief Mr. Fangary seeks here—a further continuance to afford Igdaloff "time to secure new counsel for this case, [and] to allow new counsel adequate time to prepare for trial" (Mot. for Recons. at 14:18-19)—is wholly inconsistent with Mr. Fangary's effected withdrawal, the subsequent filings by Mr. Oldman on Mr. Igdaloff's behalf, and this simultaneous attempt by Mr. Fangary to "sort of" continue to represent Igdaloff.

For these reasons, Union Pacific was perplexed to hear again from Mr. Fangary, let alone that he was planning to file yet another motion to continue trial in this case.[2]  Not only has Mr. Fangary already been relieved as counsel by this Court

---

[1]  "Igdaloff" means and refers to Cross-Defendants Harold Igdaloff, Estate of Evelyn Igdaloff, Deceased, and the Igdaloff 1993 Family Trust, by and through its trustee, Harold Igdaloff.

[2]  Mr. Fangary also did not comply with Local Rule 7-3 because he failed to meet and confer with Union Pacific at least seven days prior to his filing.  Instead, he

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

1

34999\14783681.2

(on his own motion), but Mr. Fangary's withdrawal request was premised, in part, on his inability to communicate with Mr. Igdaloff and the tremendous burden it was for him to litigate this case without being paid.  Unsurprisingly, these same themes dominate Mr. Fangary's reconsideration motion.  Even presuming that Mr. Fangary has standing to file such a motion—Mr. Fangary's motion is devoid of confirmation that Mr. Fangary has been re-engaged by Igdaloff, or that Igdaloff asked Mr. Fangary to file the motion—the motion is devoid of any new evidence that was not previously before the Court or that could not have previously been raised to the Court.  Rather, Mr. Fangary's primary complaint appears to be that this Court denied Mr. Fangary's motion to continue the trial date and shortly thereafter grated the motion to continue filed by Igdaloff's conservatorship counsel.

Mr. Fangary's motion is both procedurally and substantively deficient.  The motion fails to comply with this District's Local Rules pertaining to motions for reconsideration; the motion is untimely, Mr. Fangary failed to meet and confer in compliance with the local rules, and the motion lacks any factual or legal basis.  Moreover, there is no substantive merit to Mr. Fangary's motion; relief relating to continuance of the trial date is moot in light of this Court's April 14, 2022 Order granting a trial continuance until June 7, 2022 (ECF No. 472), and complaints relating to the granting of Union Pacific's motion *in limine* are without merit where, as here, and among other facts, Igdaloff did not oppose the motion *in limine* in the first instance.[3]

---

notified Union Pacific of his intention to move for reconsideration on Monday, April 25, 2022 at 4:43 p.m. and proceeded to file this motion only hours later, at 11:59 p.m.  Decl. of Elizabeth A. Dorsi in Supp. of Union Pacific's Opp'n to Mot. for Reconsideration ("Dorsi Decl.") ¶¶ 2-3 & Ex. 1.

[3]  Union Pacific is further uncertain as to when the hearing on this motion is set to occur.  Mr. Fangary's moving papers indicate a hearing date of Monday, May 30.  However, that date is a federal and Court holiday.  On the Court's docket entry associated with Mr. Fangary's motion, the hearing date is listed as Tuesday, May 31

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

2

34999\14783681.2

## II.      BRIEF PROCEDURAL AND FACTUAL BACKGROUND

Union Pacific has previously outlined the many ways in which Mr. Fangary and Igdaloff refused to meet and confer, failed to timely notify Union Pacific regarding developments in Mr. Igdaloff's conservatorship matter or delayed seeking associated relief, refused to participate substantively in pre-trial negotiations, refused to file pre-trial filings, and instead focused all of their time and energy in the weeks and months before trial on opposing Union Pacific's settlements with other parties.  Much of this history is described in the Court's March 18, 2022 Order at issue here.  ECF No. 454 at 2:2-3:15.  Given the numerous pre-trial filings that detail these issues, Union Pacific here only offers a brief factual background relevant to Mr. Fangary's instant motion regarding the Court's most recent refusal to grant his February 22, 2022 ex parte application to continue the trial date and to grant Union Pacific's motion *in limine*:

●  Igdaloff repeatedly requested, and the Court granted, motions to continue the trial date based on Mr. Igdaloff's health and to permit Mr. Fangary time to work with Mr. Igdaloff's temporary conservator to prepare for trial and conduct the trial in this case.  *See* ECF Nos. 380 (Igdaloff request for continuance on July 19, 2021), 383 (Court grants request), 390 (Igdaloff request for continuance on December 15, 2021), 394 (Court grants request and resets trial for March 29, 2022), 404 (Igdaloff joins in stipulation to continue trial due to witness and client representative scheduling issues), 405 (Court grants requests and continues trial until April 19, 2022).

●  While Mr. Igdaloff's temporary conservator was in place from mid-

_____

(which is therefore the date Union Pacific uses on its caption page for this opposition).  However, this Court's standing order states that "[i]f Monday is a holiday, the next available hearing date is the following Monday."  In this case, that would be June 6, 2022 (which also happens to be the day before the trial in this action is scheduled to begin).

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM                    3                         34999\14783681.2

December to February 18, 2022, Mr. Fangary refused Union Pacific's countless attempts to substantively meet and confer regarding pre-trial exchanges of information required under Local Rule 16-2.  In response, on February 7, 2022, Union Pacific notified Mr. Fangary that a motion *in limine* would be filed to preclude Igdaloff from calling witnesses, introducing evidence, or objecting to Union Pacific's evidence at trial.  Mr. Fangary did not respond.

● On February 17, 2022, Mr. Fangary notified Union Pacific that he intended to withdraw from representing Igdaloff and would file an ex parte application to this effect on February 18, 2022.  Mr. Fangary did not file his ex parte application until February 22, after Union Pacific had already filed its first round of pre-trial submissions, including its motion *in limine*.

● On February 25, the Court set the hearing on Mr. Fangary's ex parte application for a continuance and to withdraw for the same date and time as the March 14, 2022 Pre-Trial Conference and "warn[ed] Mr. Fangary that failures to comply with the Local Rules and the Standing Order could result in sanctions." ECF No. 435.  That same day, Igdaloff filed an opposition to Union Pacific's motion for determination of good faith settlement with Estate of Marriam and Intervenor Federal Insurance (ECF No.438), but Igdaloff did not file an opposition to Union Pacific's motion *in limine*.

On March 18, 2022, following the Pretrial Conference, this Court granted Mr. Fangary's motion to withdraw, granted Union Pacific's motion *in limine*, and denied Igdaloff's motion to continue the trial date.  ECF No. 454.  After that date, Mr. Fangary proceeded to comply with the Court's instructions to provide notice of Mr. Fangary's withdrawal to Mr. Igdaloff, and to circulate contact information for Mr. Igdaloff given Mr. Fangary's withdrawal.  ECF Nos. 457 (Order to Show Cause), 460 (Mr. Fangary's response), 463 (discharging Order to Show Cause).  To be clear, Mr. Fangary never represented to Union Pacific or the Court that he continued to represent Igdaloff, nor did Mr. Igdaloff's conservatorship attorneys inform Union

Farella Braun + Martel LLP
235 Montgomery Street, 17ᵗʰ Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

4

34999\14783681.2

1  Pacific that Mr. Fangary would continue to represent Igdaloff following the Court's
2  Order.  Dorsi Decl. ¶ 4.

3      Following the filing of this motion, on April 27, Union Pacific provided
4  notice to Mr. Fangary that it would seek sanctions pursuant to Federal Rule of Civil
5  Procedure 11 if Mr. Fangary did not withdraw this motion.  Dorsi Decl. ¶ 5 & Ex. 2.
6  Union Pacific received no response.  Dorsi Decl. ¶ 5.

7  **III.   ARGUMENT**

8      **A.   Mr. Fangary Lacks Authority to Bring this Motion.**

9      As a threshold matter, Mr. Fangary provides no explanation regarding under
10 whose direction he filed the present motion.  Mr. Fangary withdrew.  The relief Mr.
11 Fangary now seeks—a further continuance to allow Igdaloff's "new counsel
12 adequate time to prepare for trial" (Mot. for Recons. at 14:18-19) is wholly
13 inconsistent with this attempt to "sort of" continue representing Igdaloff.  In fact,
14 Mr. Fangary's motion provides no explanation for how he can have withdrawn as
15 Igdaloff's counsel and yet still proceed as "Counsel for" Igdaloff (Mot. for Recons.
16 at 1:2-4).  Indeed, the motion is notably silent as to confirmation that Igdaloff or
17 Igdaloff's conservatorship attorney asked Mr. Fangary to file this motion—nor
18 could they have done so, since Mr. Fangary does not represent a party to this action.
19 Mr. Fangary cannot have a valid interest in when trial proceeds, or whether or not
20 the Court reconsiders its order granting Union Pacific's motion *in limine*, and the
21 Motion should be denied on this basis.

22     **B.   The Requested Relief Is Moot.**

23     Mr. Fangary requests reconsideration of this Court's denial of his motion for a
24 trial continuance, which the Court denied in its March 18, 2022 Order.  But this
25 Court has, in essence, already reconsidered the requested relief insofar as it recently
26 granted the ex parte request for a continuance filed by Mr. Igdaloff's
27 conservatorship attorney, Mr. Oldman.  ECF Nos. 468, 472.  Trial has already been
28 continued seven weeks, to June 7, 2022, which is significantly longer than the 30-

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

5

day continuance requested in Mr. Oldman's petition.  *See* ECF No. 468 at 2:4.

Mr. Fangary is simply upset that it was not his motion for a continuance that was granted.  Mot. for Recons. at 4:9-19 (section header "Similar Requests Yield Opposition Results").  While Union Pacific opposed both continuance requests, it cannot be reasonably disputed that the ex parte application filed by Mr. Oldman occurred under a different procedural posture and was based on a concrete proposal for meaningful settlement discussions.[4]

### C.   The Motion for Reconsideration Is Untimely.

Pursuant to Local Rule 7-18, any motion for reconsideration must be "filed no later than 14 days after entry of the Order that is the subject of the motion or application."  The Court entered its Order denying Igdaloff's request for a continuance and granting Union Pacific's motion *in limine* on March 18, 2022.[5]  ECF No. 454.  Pursuant to Local Rule 7-18, the deadline to move to reconsider this Court's Order was accordingly April 1, 2022.

In an effort to render his motion for reconsideration timely, Mr. Fangary instead claims to be moving for reconsideration of the Court's April 11, 2022 Amended Order (ECF No. 467), which was issued following Estate of Mariam and Federal Insurance's Ex Parte Application to correct a scrivener's error in the Court's March 18 Order granting Union Pacific's good faith settlement determination

---

[4]  Mr. Fangary's novel argument that rejection of his motion to continue constitutes a violation pursuant to the Americans with Disabilities Act ("ADA") should similarly be rejected.  The provisions recited in Mr. Fangary's brief are targeted at ensuring that all members of the public have an opportunity to participate as jurors, not that the Court was required to continue this trial indefinitely while Mr. Igdaloff and his daughters sort out their conservatorship dispute.

[5]  In this same Order, the Court also granted Mr. Fangary's motion to withdraw as Igdaloff's counsel and granted Union Pacific's motion for good faith settlement determination with respect to its settlement with Defendants Estate of Mariam and Production Clutch Exchange and Intervenor Federal Insurance.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

6

34999\14783681.2

motion (ECF No. 461).  The Court subsequently filed an Amended Order and denied the ex parte application as moot.  The Court's Amended April 11 Order made no material changes to its original March 18 Order granting Union Pacific's motion *in limine* and denying Igdaloff's motion for a continuance.  Accordingly, the 14-day deadline to move for reconsideration ran from this Court's original Order dated March 18, 2022, and thus expired on April 1, 2022.

### D.   Mr. Fangary's Motion Fails to Meet the Legal Standard for Reconsideration.

Local Rule 7-18 authorizes only three grounds upon which reconsideration may be granted:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

A motion for reconsideration may not "in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  C.D. Cal. R. 7-18.  Nor may a motion for reconsideration be "used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that a motion for reconsideration will not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law").

The motion meets none of these criteria.

### 1.   There Is No Factual Basis for Reconsideration of the Court's Order Denying a Trial Continuance.

Mr. Fangary argues that he has "new facts" and "additional explanations of evidence" that support his motion for reconsideration, which he describes as:

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

7

34999\14783681.2

1           1) the Igdaloff Parties' difficulty in retaining substitute
counsel to prepare for trial in this action; 2) the Court's

2           recent Order continuing the trial date to June 7, 2022; and
3) additional evidence and information relating to the

3           relief sought by UPRR and the Igdaloff Parties in the
various motions and applications the Court heard prior to

4           issuing the April 11, 2022 Order.

5   Motion for Reconsideration at 1:17-21.

6        But the "new facts" presented in his motion are not new, much less facts that

7   make a "material difference" and that could not have been known to Mr. Fangary

8   after exercising "reasonable diligence." *See* C.D. Cal. R. 7-18(a).  Nor is there any

9   "emergence of new material facts" since the Court issued its Order.  *See* C.D. Cal.

10   R. 7-18(b).  Rather, Mr. Fangary's motion repeats the same arguments that have

11   been raised repeatedly in Igdaloff's filings, including Mr. Fangary's concerns

12   regarding Mr. Igdaloff's capacity, Igdaloff's failure to pay Mr. Fangary's legal bills,

13   and Mr. Fangary's difficulty communicating with his client regarding trial strategy.

14   All of these facts have been discussed in detail in Mr. Fangary's prior submissions

15   and have been considered by the Court.  ECF Nos. 380 (Igdaloff's July 19, 2021

16   application for continuance), 390 (Igdaloff's December 15, 2021 ex parte

17   application for continuance), 408 (Igdaloff's February 16, 2022 partial opposition to

18   Federal Insurance's ex parte application), 426 (Igdaloff's February 22, 2022 ex parte

19   application).  Indeed, these are the very factors that persuaded the Court to grant Mr.

20   Fangary's motion to withdraw.  ECF No. 454 at 9:15-11:21.  Mr. Fangary's

21   disagreement with the Court's analysis of or conclusions to be drawn from the facts

22   does not present grounds for reconsideration authorized by Local Rule 7-18.

23   Accordingly, Union Pacific will not attempt to refute each of those arguments here

24   other than to note that Mr. Fangary's presumption that Igdaloff requires more time

25   to prepare for trial based on when Mr. Fangary was contacted for client files does

26   not provide any basis for the Court to reconsider its order denying Igdaloff's prior

27   request to continue the trial date (particularly where, as here, the relief at issue—

28   Igdaloff's trial continuance request—was later granted).

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

8

**2.      There Is No Factual Basis for Reconsideration of the Court's Order Granting Union Pacific's Motion *in Limine*.**

As for the Court's order granting Union Pacific's motion *in limine*, the only basis that Mr. Fangary provides in support of his motion for reconsideration is his unfounded claim that:

> UPRR's counsel, presumably intentionally, misrepresented to the Court the reasons for the Fangary Law Group's inability to fully participate in preparation of pretrial disclosures by intentionally omitting 'a fact necessary to make the communication considered as a whole not materially misleading' in violation of CRPC Rules 7.1 and 9.4(c).

Motion at 6:21-24.  This is a serious (albeit confusing) accusation that has no merit. In fact, not only does Mr. Fangary fail to provide any support for this accusation (because there is none), but Mr. Fangary's accusation is also undermined by the fact that Union Pacific attached as exhibits to its motion *in limine* the full email chains between Union Pacific's counsel and Mr. Fangary reflecting Union Pacific's numerous attempts to meet and confer.  *See* ECF No. 416-2 to 416-3 (declaration and supporting exhibits).  Moreover, there is nothing "new" about these facts—each of these alleged "misrepresentations" are issues that Mr. Fangary could have raised *if Igdaloff had bothered to file an opposition to Union Pacific's motion in limine*. But he chose not to, as he admitted to this Court:

> THE COURT:  Why didn't you file a reply for the motion in limine for sanctions?
>
> MR. FANGARY:  I don't know, Your Honor.  I thought the other pleadings that I filed kind of provide explanations for the reason why I wasn't able to continue representing the Igdaloff parties.  I should have, Your Honor.  I apologize.

Dorsi Decl. ¶ 6, Ex. 3 at 5:3-8.

Union Pacific's motion *in limine* was filed on February 21, 2022 (ECF No. 416).  Instead of opposing Union Pacific's motion *in limine*, Mr. Fangary filed his ex parte motion to continue the trial date (including another request to reopen expert

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

9

34999\14783681.2

discovery) on February 22 (ECF No. 426), and on February 25 he chose to file an opposition to Union Pacific's motion for determination of good faith settlement with Estate of Mariam and Intervenor Federal Insurance (ECF No. 438), even though the parties' experts uniformly agreed that there was no evidence of a "sudden and accidental release," which Union Pacific would be required to prove in order to obtain any recovery from Federal Insurance.  *See* Dorsi Decl. ¶ 6, Ex. 3 at 25:17-26:10.

Mr. Fangary's request that the Court reconsider its ruling on Union Pacific's motion *in limine* must fail because he has not established that he could not, in the exercise of reasonable diligence, have made any of the arguments that he cites in his motion here in opposition to Union Pacific's motion *in limine* if he had elected to file such an opposition (not to mention that Mr. Fangary's argument and complaints are not "new facts").  As this Court acknowledged, under Local Rule 7-12, Mr. Fangary's failure to oppose Union Pacific's motion *in limine* operated as consent to granting the motion.  ECF No. 454 at 3 n.1, and Mr. Fangary's present motion does not provide a basis to reconsider the Court's order granting Union Pacific's motion.

E.    **The Court Should Sanction Mr. Fangary For Filing a Frivolous Motion.**

Union Pacific notified Mr. Fangary on April 27, 2022 that the present motion is frivolous and without basis, and demanded that Mr. Fangary withdraw the motion or Union Pacific would file a motion for sanctions Pursuant to Rule 11.  Dorsi Decl. ¶ 5 & Ex. 2.  Mr. Fangary never responded, despite having previously acknowledging, *prior to filing the motion*, that he expected Union Pacific would oppose this motion and seek sanctions.  Dorsi Decl. ¶ 2, Ex. 1 (Mr. Fangary's "meet and confer" email).  Although Union Pacific is not yet able to bring a formal motion for sanctions pursuant to Rule 11, because 21 days have not elapsed between the time that Union Pacific demanded that Mr. Fangary withdraw his motion and the date by which this response was due, this Court has the discretion to impose

Farella Braun + Martell LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

10

34999\14783681.2

1  sanctions upon its own initiative.  Fed. R. Civ. P. 11(c)(3).  Union Pacific

2  respectfully requests that the Court exercise that discretion here so that Union

3  Pacific is not further burdened by needing to file a separate noticed motion

4  requesting such relief.

5        Rule 11(c) authorizes sanctions against any person who presents a motion to

6  the court, or is responsible for presenting it, if the motion's legal contentions are not

7  warranted by existing law or by a nonfrivolous argument for changing the law or

8  creating new law; or who presents the motion for improper purposes, such as

9  harassment, delay, and inflation of litigation costs.  Fed. R. Civ. P. 11(b), (c).

10  "[T]he central purpose of Rule 11 is to deter baseless filings."  *Cooter & Gell v.*

11  *Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Rule 11 accordingly imposes "an

12  affirmative duty to conduct a reasonable inquiry into … the law before filing."  *Bus.*

13  *Guides, Inc. v. Chromatic Comms. Enters., Inc.*, 498 U.S. 533, 551 (1991).  The

14  court must test whether the certification is violated objectively; no subjective bad

15  faith is required.  *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986)

16  *abrogated as to another point of law by Cooter*, 496 U.S. 384.  "Counsel can no

17  longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure

18  heart and empty head."  *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (citation

19  omitted and internal quotation marks and brackets omitted).

20        Mr. Fangary violated Rule 11(b)(2)'s prohibition on frivolous legal arguments

21  by advancing baseless contentions even after Union Pacific's counsel explained why

22  those arguments were patently wrong.

23                [T]he frivolousness and improper purpose inquiries overlap.
                A district court confronted with solid evidence of a
24                pleading's frivolousness may in circumstances that warrant
                it infer that it was filed for an improper purpose.
25

26  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1365 (9th Cir. 1990) (en

27  banc); *see also In re Brooks-Hamilton*, 271 Fed. Appx. 654, 658-59 (9th Cir. 2008)

28  (unpublished) (affirming bankruptcy court's finding that claim was frivolous where

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

11

34999\14783681.2

1   the claim was "both baseless and made without a reasonable and competent inquiry"

2   (quoting *Townsend*, 929 F.2d at 1362)).  As described above, Mr. Fangary's

3   argument is patently frivolous, including but not limited to the fact that he is no

4   longer counsel of record for Igdaloff (nor has he represented that he is acting under

5   Igdaloff's direction), the motion is based on no "new" evidence, and the motion

6   requests reconsideration of a motion that Igdaloff never opposed.

7       This is not the first time that Union Pacific has been forced to respond to Mr.

8   Fangary's many motions to continue or for related relief.  Union Pacific should not

9   be required to wage a two-front battle by being forced to respond to Mr. Fangary's

10  frivolous motions in court, when he no longer even represents Igdaloff, while it

11  simultaneously attempts to negotiate in good faith with Igdaloff's current counsel.

12  A court can impose any "appropriate sanction" for Rule 11(b) violations.  Fed. R.

13  Civ. P. 11(c)(1).  Union Pacific requests that the Court impose an "appropriate

14  sanction" here against Mr. Fangary by requiring that he reimburse Union Pacific's

15  attorneys' fees associated with responding to this motion.  (The full amount of these

16  expenses cannot yet be determined because proceedings to adjudicate the motion for

17  reconsideration are ongoing.  Union Pacific will make a supplemental evidentiary

18  showing when it can ascertain the amount of those expenses).

19  / / / /

20  / / / /

21  / / / /

22  / / / /

23  / / / /

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

12

34999\14783681.2

## IV.   <u>CONCLUSION</u>

Union Pacific respectfully requests that Mr. Fangary's motion for reconsideration be denied and that this Court enter an order finding that Mr. Fangary violated Rule 11(b)(3) by filing a frivolous motion and supporting papers, and awarding sanctions in the amount of Union Pacific's attorneys' fees associated with responding to this motion.

Dated:  May 9, 2022                    FARELLA BRAUN + MARTEL LLP


By:   _____
      Elizabeth A. Dorsi

Attorneys for Defendant Union Pacific Railroad Company

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

UNION PACIFIC'S OPPOSITION TO MOTION          13
FOR RECONSIDERATION –
Case No. 2:17-cv-04059-MCS-JEM

34999\14783681.2