UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No. 2:17-cv-04059-MCS-JEM     Date May 18, 2022

Title *George Torres et al. v. Harold Igdaloff et al.*

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present     None Present

**Proceedings: (IN CHAMBERS) ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 473)**

    Hany S. Fangary, former attorney for the Igdaloff parties, whom the Court previously permitted to withdraw, *see* ECF Nos. 454, 467, moves for reconsideration of various pretrial orders in this case. Mot., ECF No. 473. Defendant Union Pacific Railroad Company opposed the motion. Opp'n, ECF No. 477. The Court deems this motion appropriate for decision without oral argument and vacates the May 31, 2022 hearing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

    The Court denies the motion as procedurally deficient. Under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least *seven (7) days* prior to the filing of the motion." C.D. Cal. R. 7-3 (emphasis added). Mr. Fangary provided notice of the motion via email and filed the motion later the same day. Fangary Decl. ¶ 3, ECF No. 473-1. This does not comply with the obligation to discuss the contents of the motion with opposing counsel at least seven days before filing the motion. Thus, the Court **DENIES** the motion.

Union Pacific asks for the Court to impose sanctions on Mr. Fangary under Rule 11. Opp'n 10–12. The Court denies the request without prejudice. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Defendant did not comply with this rule by requesting sanctions in its opposition.

Finally, the Court directs the Clerk to terminate Mr. Fangary as attorney of record from the docket for Harold Igdaloff, Estate of Evelyn Igdaloff, Deceased, and Igdaloff 1993 Family Trust. The Court directs the Clerk to enter the contact information for Harold Igdaloff, Estate of Evelyn Igdaloff, Deceased, and Igdaloff 1993 Family Trust as follows:

> 11806 Bellagio Road
> Los Angeles, CA 90049
> Email: higdaloff@aol.com
> Home: (310) 472-6047
> Cell: (310) 694-7609

Harold Igdaloff is proceeding *pro se*. The Court expects him to comply with court rules and orders. The Court has a Pro Se Clinic available to assist those persons who do not have an attorney to represent them. Clinics are located in Los Angeles, Riverside, and Santa Ana. More information can be obtained on the Court's website, http://prose.cacd.uscourts.gov.

The Court reminds the Estate of Evelyn Igdaloff, Deceased, and Igdaloff 1993 Family Trust that they cannot appear in federal court without representation. *Church of New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986) ("Unincorporated associations . . . must appear through an attorney . . . ."). Failure to timely retain new counsel may result in the entry of default. Fed. R. Civ. P. 55(a).

**IT IS SO ORDERED.**