JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-04059-MCS-JEM | Date | August 10, 2022 |
| Title | *George Torres et al. v. Harold Igdaloff et al.* | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

None Present                                                 None Present

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT (ECF NO. 482) (JS-6)

At long last, the remaining parties in this environmental contamination action have settled their claims. Union Pacific Railroad Company moves for a determination of good faith settlement between it and the Igdaloff parties. Mot., ECF No. 482; *see also* Mem., ECF No. 482-1. No other parties opposed the motion. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I. **LEGAL STANDARD**

To facilitate early and complete settlement of private cost-recovery actions in multi-party litigation, a federal court may determine that the settlement of a state-law claim was made in good faith under California Code of Civil Procedure sections 877 and 877.6. *See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) (affirming district court's application of Cal. Civ. Proc. Code § 877, which constitutes substantive state law); *In re Heritage Bond Litig.*, 546 F.3d 667, 680 (9th Cir. 2008) (discussing purpose of Cal. Civ. Proc. Code § 877.6).

To determine whether a settlement was made in good faith, courts weigh the following factors: (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). If the settling parties make a prima facie showing of good faith, the burden of proof shifts to the party contesting the settlement to demonstrate that "the settlement is so far 'out of the ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute." *Id*. at 499–500; *accord City of Grand Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987).

## II.   DISCUSSION

The Court incorporates the case background discussed in prior orders. The *Tech-Bilt* factors weigh in favor of a determination of good faith settlement. After significant discovery, investigation, consultation with experts, participation in mediation, substantive rulings by the Court, motion practice, and a final pretrial conference, the Igdaloffs and Union Pacific agreed to settle claims between them for a payment of $4,900,000 made to Union Pacific. Bell Decl. ¶ 2, ECF No. 482-2. Union Pacific estimates the total cost of remediation to range between $8.6 and 9.2 million, including $3 million already spent on cleanup costs. Mem. 11 (citing prior declarations filed before the Court). An expert retained by Union Pacific calculated the allocation share of the Igdaloff parties as between 10.63% and 89.44%. White Decl. of Direct Test. ¶¶ 3, 58, ECF No. 423. The settlement amount of $4.9 million means that the Igdaloffs are paying between 53.2 and 57.0% of the total estimated remediation costs to Union Pacific. The financial condition of the Igdaloffs is not at issue since Union Pacific will secure the settlement by a lien on the Igdaloffs' real property. Bell Decl. ¶ 2. Finally, there is no evidence of collusion, fraud, or tortious conduct designed to injure the nonsettling parties in this action, since none remain. The Court finds that the parties have made a prima facie showing of good faith.

No party has appeared to rebut this showing, and nothing in the record indicates that the *Tech-Bilt* factors are not met. The parties have managed to reach settlement after a long-fought case lasting over five years, and the Court sees that the parties have diligently worked to reach settlement in this complex matter.

## III. CONCLUSION

The Court **GRANTS** the motion. The Court determines that the settlement between Union Pacific and the Igdaloffs is a good faith settlement within the meaning and effect of California Code of Civil Procedure sections 877 and 877.6.

Under California Code of Civil Procedure section 877.6(c), "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." This determination bars any party that has notice. Cal. Code Civ. Proc. § 877.6(a); *City of Emeryville v. Robinson*, 621 F.3d 1251, 1266 (9th Cir. 2010). As a result of the good faith settlement determination and the bar on contribution, the Court dismisses all remaining claims and counterclaims. The Court bars all claims or actions seeking contribution from the Igdaloff parties pursuant to California Code of Civil Procedure section 877.6(c). The Court vacates all dates and orders the Clerk to close the case.

**IT IS SO ORDERED.**