Sarah P. Bell (State Bar No. 227082)
  sbell@fbm.com
Elizabeth Dorsi (State Bar No. 282285)
  edorsi@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant Union Pacific
Railroad Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE TORRES, an individual; and ROBERTA TORRES, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> HAROLD IGDALOFF, *et al.*, <br><br> Defendants. | Case No. 2:17-cv-04059-MCS-JEM <br><br> **NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CORRECT ORDER FOR CLERICAL ERROR PURSUANT TO RULE 60(a); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Filed Concurrently with Declaration of Sarah P. Bell; [Proposed] Order] <br><br> The Hon. Mark C. Scarsi |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation <br><br> Defendant and Cross-Claimant, <br><br> vs. <br><br> HAROLD IGDALOFF, *et al.*. <br><br> Defendants and Cross-Defendants. | Action Filed: May 31, 2017 <br> Trial Date: Vacated <br><br> Hearing Date: None Set <br> Hearing Time: None Set |
| AND RELATED CROSSCLAIMS | |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

*EX PARTE* APPL. TO CORRECT ORDER –
Case No. 2:17-cv-04059-MCS-JEM

34999\14972005.2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rule 7-19, Defendant Union Pacific Railroad Company ("Union Pacific") will and hereby does apply *ex parte* for an order to correct the Court's August 10, 2022 Order Granting Motion for Determination of Good Faith Settlement, ECF No. 484 ("Order"). Specifically, Union Pacific respectfully requests that the Court amend the Order (at paragraph 2, page 3) to delete reference to dismissing the remaining claims and counterclaims between Union Pacific and the Igdaloff Parties[1] and to likewise delete direction to the Clerk to close the case pending the imminent filing of the Parties' Stipulated Judgment.

Upon review of the Order, counsel for Union Pacific discovered a clerical error in the second paragraph on page three of the Order, in which the Court dismissed all remaining claims and counterclaims between Union Pacific and the Igdaloff Parties and ordered the Clerk to close the case. Dismissing the claims between these remaining parties and closing the case would preclude the parties from effectuating necessary terms of their settlement, as explained in Union Pacific's moving papers—the filing and entry of a Stipulated Judgment pursuant to Federal Rule of Civil Procedure 41(a)(2) providing for the Court's continuing jurisdiction over critical obligations in the settlement, followed by entry and recordation of Abstracts of Judgment as security for the $4,900,000 payment to Union Pacific by the Igdaloff Parties. The filing and entry of the Stipulated Judgment, and entry and recordation of Abstracts of Judgment are key terms of the settlement such that outright dismissal of the remaining claims between Union Pacific and the Igdaloff Parties and directions to the Clerk to close the case are an unintended clerical error.

---

[1] Harold Igdaloff, Estate of Evelyn Igdaloff, Deceased, and the Igdaloff 1993 Family Trust are collectively referred to herein as the "Igdaloff Parties".

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

*EX PARTE* APPL. TO CORRECT ORDER –
Case No. 2:17-cv-04059-MCS-JEM

2

34999\14972005.2

Good cause exists to support this application for *ex parte* relief so that the Court may conform the Order to reflect the Court's and the Parties' shared intent that the Parties file the Stipulated Judgement contemplated by their settlement, which the Court appropriately determined to have been entered into in good faith. Pursuant to Civil Local Rule 7-19, counsel for Union Pacific notified counsel who have specially appeared for Mr. Igdaloff in this action of Union Pacific's intent to file this *ex parte* application, the date and substance of the application, and Union Pacific's requested relief; such counsel expressed support for this application and requested relief. *See* Decl. of Sarah P. Bell in Supp. of *Ex Parte* Appl. to Correct Order ("Bell Decl.") ¶ 2, filed concurrently herewith.

The contact information for counsel who have specially appeared for Mr. Igdaloff is as follows:

> Marshal A. Oldman
> Oldman, Cooley, Sallus, Birnberg, Coleman & Gold, L.L.P.
> 16133 Ventura Boulevard, Penthouse
> Encino, CA  91436-2403
> Phone:  (818) 986-8080
> Email:  mao@oclslaw.com

Accordingly, Union Pacific respectfully requests that the Court amend the August 10, 2022 Order (at paragraph 2, page 3) to delete reference to dismissing the remaining claims and counterclaims between Union Pacific and the Igdaloff Parties and to likewise delete direction to the Clerk to close the case pending the imminent filing of the Parties' Stipulated Judgment.

Dated:  August 11, 2022         FARELLA BRAUN + MARTEL LLP

By: _____*/s/ Sarah P. Bell*_____
    Sarah P. Bell

Attorneys for Defendant Union Pacific Railroad Company

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

*EX PARTE* APPL. TO CORRECT ORDER –
Case No. 2:17-cv-04059-MCS-JEM

3

34999\14972005.2

# MEMORANDUM OF POINTS AND AUTHORITIES

Union Pacific respectfully requests that the Court amend the August 10, 2022 Order Granting Motion for Determination of Good Faith Settlement, ECF No. 484 ("Order"), to correct a clerical error referencing dismissal of remaining claims and direction to the Clerk to close the case so that the Parties may file the Stipulated Judgment contemplated by their settlement—a key, necessary term of the settlement that the Court rightly determined to have been made in good faith.

Federal Rule of Civil Procedure 60(a) authorizes the Court to correct a clerical mistake or a mistake arising from oversight or omission "on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Rule 60(a) thus authorizes the Court to "make an order reflect the actual intentions of the court, plus necessary implications." *Jones & Guerrero Co., Inc. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981) (holding that the district court properly invoked Rule 60(a) to amend an order dismissing a case when it never intended to do so); *see also Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) ("Courts enjoy broad discretion to correct clerical errors in previously issued orders in order to *conform the record to the intentions of the court* and the parties.") (citation and internal quotation marks omitted) (emphasis added by the Court of Appeals).

Here, Union Pacific requests that the Court delete reference to dismissal and immediate closure of the action to conform the Order to reflect the Court's and the Parties' shared intent to provide the Parties an opportunity to file a Stipulated Judgment pursuant to Rule 41(a)(2) providing for the Court's continuing jurisdiction over critical obligations in the settlement, followed by entry and recordation of Abstracts of Judgment, as described in Union Pacific's moving papers at pages 6-7. *See* Union Pacific's Mot. for Determination of Good Faith Settlement ("Motion"), ECF No. 482, Mem. in Supp. of Mot. for Determination of Good Faith Settlement ("Mem.") at 6-7, EFC No. 482-1.

/ / / /

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

*EX PARTE* APPL. TO CORRECT ORDER –
Case No. 2:17-cv-04059-MCS-JEM

4

34999\14972005.2

The filing and entry of a Stipulated Judgment, expected to be filed in the next few weeks, followed by entry and recordation of Abstracts of Judgment are key terms of the Parties' Settlement.  See "Mem." at 6-7; see also Decl. of Sarah P. Bell in Supp. of Mot. for Determination of Good Faith Settlement ("Bell Good Faith Mot. Decl.") ¶ 2, ECF No. 482-2.  In particular, Union Pacific and the Igdaloff Parties agreed to enter into and file a Stipulated Judgment pursuant to Federal Rule of Civil Procedure 41(a)(2), providing for the Court's continuing jurisdiction over important obligations in the Parties' settlement.  Such obligations for which the Parties seek the Court's continuing jurisdiction include, but are not limited to, those related to the Igdaloff Parties' payment of $4,900,000 to Union Pacific, preparation, entry and recordation of Abstracts of Judgment as security for the Igdaloff Parties' settlement payment to Union Pacific, restrictions on enforcement of the Stipulated Judgment until after Mr. Igdaloff's death, and restrictions and stipulations relating to the distribution of proceeds from the sale of certain of the Igdaloff Parties' real properties should certain properties be sold prior to Mr. Igdaloff's death.  Mem. at 6:27-7:16; see also Bell Good Faith Mot. Decl. ¶ 2.  Indeed, certain of these important settlement terms that will be the subject of the Parties' Stipulated Judgment are among those the Court considered in the Order.  See Order at 2 (citing *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985), regarding the fifth of six factors considered to determine whether the Parties' settlement was made in good faith (the Igdaloff Parties' financial condition):  "is not at issue since Union Pacific will secure the settlement by a lien on the Igdaloffs' real property."

Rule 60(a) authorizes correction of the clerical error in the Order so that the Parties' and the Court's intentions to effectuate the Parties' settlement are met by providing an opportunity for the Parties to file the Stipulated Judgment and enter and record Abstracts of Judgment as security for the settlement payment to Union Pacific.  Accordingly, Union Pacific respectfully requests that the Court issue an amended Order that deletes reference to dismissal of the remaining claims between

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

*EX PARTE* APPL. TO CORRECT ORDER –
Case No. 2:17-cv-04059-MCS-JEM

5

34999\14972005.2

1  Union Pacific and the Igdaloff Parties and likewise deletes direction to the Clerk to
2  close the case pending filing of the Stipulated Judgment.

4  Dated: August 11, 2022                FARELLA BRAUN + MARTEL LLP

6                                        By:  */s/ Sarah P. Bell*
7                                             Sarah P. Bell

8                                        Attorneys for Defendant Union Pacific Railroad Company

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

*EX PARTE* APPL. TO CORRECT ORDER –
Case No. 2:17-cv-04059-MCS-JEM

6

34999\14972005.2