UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-04059-MCS-JEM | Date | August 17, 2022 |
| Title | *George Torres et al. v. Harold Igdaloff et al.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: EX PARTE APPLICATION (ECF NO. 485)**

Union Pacific Railroad Company filed an ex parte application following the Court's approval of its motion for determination of good faith settlement and the Court's dismissal of the remaining claims in the case. Appl., ECF No. 485. Union Pacific requested that the Court correct a clerical error dismissing the remaining claims and reopen the case. *Id.* The Igdaloffs do not oppose this application.

Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Union Pacific offers virtually no showing of irreparable harm warranting emergency relief. The application is denied on this basis.

The Court also denies the application on the merits. Union Pacific contends the Court committed an unintended clerical error when it dismissed the remaining claims and directed the Clerk to close the case. Appl. 4–6. The Court's language was

purposeful: the Court, upon notice that the parties intended to dismiss all claims and file a stipulated judgment under Federal Rule of Civil Procedure 41(a)(2), dismissed all claims. "Rule 41(a)(2) does not require that the plaintiff's request for dismissal take any specific form; it requires only that the court approve such a request for dismissal." *Morris v. City of Hobart*, 39 F.3d 1105, 1109 (10th Cir. 1994). The Court construed Union Pacific's notice that it would file a stipulated dismissal and judgment under Rule 41(a)(2) as sufficient grounds to dismiss the claim. Rule 41(a)(2) allows for dismissal "on terms a Court considers proper." The Court has not yet entered judgment even though it has dismissed all claims in this case, and Federal Rule of Civil Procedure 58(c)(2)(B) states that unless the Court sets out judgment in a separate document, judgment is entered 150 days after the entry of the order resolving all claims on the docket. The Court understands its order as consistent with the parties' intent to enter a stipulated judgment on terms the Court considers proper. Moreover, "the voluntary dismissal cannot take effect until a court order has been entered *and* the terms and conditions imposed by the court are complied with." *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986). The Court has not yet entered terms, so the dismissal order should not affect the parties' settlement. To the extent the Court is wrong based on its incomplete understanding of the settlement, Union Pacific and the Igdaloffs have the right "to refuse the voluntary dismissal if the conditions imposed are too onerous." *Id.* Notwithstanding, the Court did not make a clerical error, so there is no relief to be granted under Rule 60(a).

Even if there were live claims to be resolved, in light of the complete settlement of this action, the Court would exercise its discretion to close the case for case administrative purposes. The case will remain closed.

The Court applauds the parties for their settlement of this action and will take action to promote the settlement upon an appropriate, properly noticed motion. Any such motion must be filed within 45 days.

**IT IS SO ORDERED.**