Sarah P. Bell (State Bar No. 227082)
  sbell@fbm.com
Elizabeth Dorsi (State Bar No. 282285)
  edorsi@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant Union Pacific
Railroad Company

Marshal A. Oldman, State Bar #72149
Oldman, Cooley, Sallus, Birnberg, Coleman & Gold, L.L.P.
16133 Ventura Boulevard, Penthouse
Encino, California 91436-2403
Phone (818) 986-8080;
Email:  mao@oclslaw.com

Specially Appearing for Defendants and
Cross-Complainants Harold Igdaloff,
Estate of Evelyn Igdaloff, Deceased,
and lgdaloff 1993 Family Trust

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE TORRES, an individual; and ROBERTA TORRES, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>HAROLD IGDALOFF, *et al.,*<br><br>    Defendants.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation<br><br>    Defendant and Cross-Claimant,<br><br>vs.<br><br>HAROLD IGDALOFF, *et al.*.<br><br>    Defendants and Cross-Defendants.<br>AND RELATED CROSSCLAIMS | Case No. 2:17-cv-04059-MCS-JEM<br><br>**STIPULATED FINAL JUDGMENT**<br><br>The Hon. Mark C. Scarsi<br><br>Action Filed:    May 31, 2017<br>Trial Date:      Vacated<br><br>Hearing Date:    None Set<br>Hearing Time:    None Set |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STIPULATED FINAL JUDGMENT –
Case No. 2:17-cv-04059-MCS-JEM

34999\15021152.1

1    WHEREAS Cross-Defendant Union Pacific Railroad Company ("Union

2  Pacific") and Cross-Defendants Harold Igdaloff, Estate of Evelyn Igdaloff,

3  Deceased, and Igdaloff 1993 Family Trust (collectively, the "Igdaloffs") (Union

4  Pacific and the Igdaloffs are referred to herein as "Parties") have stipulated and

5  consented to the entry of this Stipulated Final Judgment, and

6    WHEREAS, the Court having considered the matter and good cause

7  appearing therefore,

8    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

9    1.    This Court has current and continuing jurisdiction of the Parties hereto

10  and the subject matter hereof.

11    2.    Plaintiffs George and Roberta Torres alleged claims against multiple

12  defendants, including Union Pacific and the Igdaloffs, in this action ("Action").

13    3.    Plaintiffs alleged that each of the defendants in the Action are current

14  or former owners and operators of the Site that caused or contributed to

15  environmental contamination at the Site and are thus responsible for costs to

16  investigate and remediate contamination at the Site.

17    4.    Union Pacific alleged cross-claims against the Igdaloffs.

18    5.    The Igdaloffs alleged cross-claims against Union Pacific.

19    6.    The Action relates to contamination from tetrachloroethylene ("PCE")

20  and trichloroethylene ("TCE") in soil, soil vapor, and groundwater in and around

21  410 East 32nd Street and 317 East 33rd Street, Los Angeles, California.

22    7.    The 410 East 32nd Street property is comprised of APN 5120-017-901

23  ("Parcel A") and APN 5120-017-002 ("Parcel B").  Parcel A is a triangular section

24  of property located on the northwest corner of that lot; and Parcel B is located on the

25  remaining portion of the lot.  The 317 East 33rd Street property is comprised of

26  APN 5120-017-030 ("Parcel C") (collectively, Parcels A, B and C are referred to

27  herein as "Site").

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STIPULATED FINAL JUDGMENT –
Case No. 2:17-cv-04059-MCS-JEM                    2                              34999\15021152.1

8.      The Igdaloffs owned Parcels B and C from March 31, 1980 to June 7, 2006, and leased Parcel A from Union Pacific's predecessor, Southern Pacific Transportation Company ("Southern Pacific") from approximately July 30, 1980 until about January 14, 1991, and thereafter from the Los Angeles County Metropolitan Transportation Authority (LA Metro) until June 7, 2006.

9.      Union Pacific alleges that the Igdaloffs owned Parcels B and C, and leased Parcel A from Southern Pacific during periods in which operations at the Site released hazardous substances at or near the Site and contributed to contamination at or near the Site.

10.      Union Pacific further alleges that the Igdaloffs violated the terms of the Igdaloffs' lease with Southern Pacific, which lease, among other things, required the Igdaloffs to indemnify Union Pacific for costs and damages at issue in the Action and incurred by Union Pacific in connection with addressing contamination at the Site.

11.      On March 26, 2019, the California Environmental Protection Agency, Department of Toxic Substances Control ("DTSC") issued the Imminent and Substantial Endangerment Determination and Order, and Remedial Action Order, 410 E. 32nd Street & 317 E. 33rd Street, Los Angeles (Site Code 401862) ("ISE Order").

12.      The ISE Order identifies, among others, the Igdaloffs and Union Pacific as potentially responsible parties for contamination at the Site.

13.      Union Pacific is the sole work party responding to the ISE Order and conducting the investigation and remediation of the Site pursuant to the ISE Order and the oversight of DTSC.

14.      The Parties deny that any of them released hazardous substances at or near the Site, deny that any of them contributed to contamination at or near the Site, and the Parties each deny all claims and allegations asserted against them and against each other in the Action.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STIPULATED FINAL JUDGMENT –
Case No. 2:17-cv-04059-MCS-JEM

3

34999\15021152.1

15.     The Parties have executed a written Settlement Agreement (attached as Exhibit 1) and have agreed to this Stipulated Final Judgment, both of which are intended to resolve the remaining claims in the Action.  Except as expressly and otherwise stated in this Stipulated Final Judgment, the terms of the written Settlement Agreement (attached as Exhibit 1) remain in full force and effect.

16.     The Igdaloffs shall pay in settlement to Union Pacific the total sum of $4,900,000, plus interest at the federal post-judgment interest rate (currently estimated to be approximately 2%), which interest shall begin accruing upon entry of this Stipulated Final Judgment.  The Igdaloffs, as between each of them, shall have joint and several liability for this payment.

17.     Following entry of this Stipulated Final Judgment, Union Pacific will record Abstracts of Judgment creating liens on real property owned by the Igdaloffs to secure the settlement payment.

18.     Union Pacific will stay and forego enforcement of this Stipulated Final Judgment and the Abstracts of Judgment until after Mr. Igdaloff's death.

19.     The Igdaloffs shall, to the best of their ability, provide to Union Pacific notice of all real property owned (in part or in full) by the Igdaloffs, including the address, APN, assignment/lien/encumberment status, and ownership information and status of each piece/parcel of real property owned by the Igdaloffs.

20.     Union Pacific shall provide to the Igdaloffs a list of real property believed to be owned by the Igdaloffs as identified in publicly available information.

21.     The Igdaloffs shall also provide any additional information necessary to complete, execute and record the Abstracts of Judgment within seven (7) days of any request for such information.

22.     The Igdaloffs shall not sell, assign, encumber, or otherwise transfer any interest in real property owned by the Igdaloffs until after the Abstracts of Judgment are recorded.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STIPULATED FINAL JUDGMENT –
Case No. 2:17-cv-04059-MCS-JEM

4

34999\15021152.1

23.     In connection with any sale of property by the Igdaloffs, the Igdaloffs will provide Union Pacific with written notice of such sale within three (3) calendar days of executing purchase and sale documents.

24.     After the Abstracts of Judgment are recorded, the Igdaloffs may not sell, assign, encumber, or otherwise transfer any interest in real property owned by the Igdaloffs other than as described in Paragraphs 25-29.

25.     During Mr. Igdaloff's life, Mr. Igdaloff or the Igdaloffs may sell up to two parcels of real property owned by the Igdaloffs pursuant to the terms of Paragraphs 25-26, excluding property located at 810 East 18th St. and 815 East Washington Blvd., Los Angeles, California 90021 (APN 5131-004-034).

26.     In the event that, during his life, Mr. Igdaloff or the Igdaloffs sell one or two pieces of real property as described in Paragraph 25, the proceeds of the sale of said property or properties will be distributed to Mr. Igdaloff and Union Pacific as follows:  (1) the total amount of any outstanding liens on the property or properties, the costs of sale, and any capital gains tax shall first be deducted from the proceeds of the sale(s); and (2) the remaining proceeds from the sale of the property or properties shall be divided equally between the Parties, fifty percent (50%) to Mr. Igdaloff, fifty percent (50%) to Union Pacific.

27.     If, during Mr. Igdaloff's life, Mr. Igdaloff or the Igdaloffs sell any property in addition to the first and second properties sold as described in Paragraphs 25-26, then Mr. Igdaloff and Union Pacific will negotiate in good faith to reach agreement on a formula for the distribution of the proceeds from any such further sale of real property that both allows Mr. Igdaloff to enjoy the benefit of the sale proceeds during his life, while also guaranteeing that sufficient proceeds are distributed to Union Pacific and/or that sufficient real property assets remain unsold to fully satisfy the Judgment in favor of Union Pacific following Mr. Igdaloff's death.  The total distribution to Union Pacific of any such sale shall be in a range between fifty percent (50%) and seventy-five percent (75%) of the proceeds of the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STIPULATED FINAL JUDGMENT –
Case No. 2:17-cv-04059-MCS-JEM

5

34999\15021152.1

sale of said property.

28.     If, following attempts to negotiate in good faith, the Parties are unable to reach agreement on a specific formula for the distribution of proceeds of the sale of real property pursuant to these Paragraphs 27-28, the Court retains jurisdiction over this matter to establish a distribution formula consistent with the parameters described herein.

29.     During Mr. Igdaloff's life, Mr. Igdaloff or the Igdaloffs may only sell the real property located at 810 East 18th St. and 815 East Washington Blvd., Los Angeles, California 90021 (APN 5131-004-034) with Union Pacific's advance consent, unless the proceeds from the sale of this property will be used to fully satisfy any outstanding balance on the Judgment and amounts owed Union Pacific under the Judgment and Settlement Agreement.

30.     Union Pacific will be solely responsible for undertaking and shall undertake all investigation, remedial actions, and implementation of the remedy to standards required for commercial/industrial uses required by DTSC under the ISE Order or any lawful order for the Site (whether previously issued or to be issued in the future), or any amendment thereto, including but not limited to changes in the scope or duration of DTSC-required investigations and remedial actions for the Site. Union Pacific's obligations under this Section shall be deemed satisfied upon issuance of a "no further action" or equivalent determination or correspondence from DTSC or any other regulator with authority for the Site.

31.     The Igdaloffs shall not assert or initiate any comment or challenge against either Union Pacific's or DTSC's proposals or decisions regarding the investigation and remediation of the Site.

32.     Except as specifically set forth in the Settlement Agreement, each party shall bear its own attorneys' fees, expert fees, legal expenses, and other costs incurred in connection with this Action.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STIPULATED FINAL JUDGMENT –
Case No. 2:17-cv-04059-MCS-JEM

6

34999\15021152.1

33.     Each below-undersigned representative for such Party represents and warrants that it has the full and complete authority to enter into this Stipulated Final Judgment, and to bind that party to the terms and conditions of this Stipulated Final Judgment.

34.     This Stipulated Final Judgment shall be enforceable in this Court by either Union Pacific or the Igdaloffs.

35.     If any Party allegedly breaches any provision of this Stipulated Final Judgment or the Settlement Agreement, prompt notice of the alleged breach shall be provided in writing, and the Parties shall promptly attempt in good faith to resolve the dispute, including mediating such dispute with a mediator of the Parties' choosing.  Notice to Union Pacific shall be via email to:  Robert C. Bylsma, rcbylsma@up.com, and Sarah P. Bell, sbell@fbm.com.  Notice to the Igdaloffs shall be via overnight mail to Mr. Igdaloff, 11806 Bellagio Road, Los Angeles, CA 90049, and email to:  Marshal A. Oldman, mao@oclslaw.com.

36.     If the Parties cannot resolve the dispute, pursuant to Federal Rule of Civil Procedure 41(a)(2) and the Court's ancillary jurisdiction to enforce settlement agreements that have been made part of the order of dismissal (*see Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007)), the Court retains exclusive jurisdiction over this Action to enforce this Stipulated Final Judgment and the Settlement Agreement, and to take such further action as may be necessary or appropriate to enforce this Stipulated Final Judgment and Settlement Agreement, and any subsequent orders of the Court relating thereto.

37.     Enforcement of this Stipulated Final Judgment and/or the Settlement Agreement shall be filed before and decided by the Honorable Mark C. Scarsi of the United States District Court, Central District of California, or if he is not available, such other judge as may be assigned by the United States District Court, Central District of California.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STIPULATED FINAL JUDGMENT –
Case No. 2:17-cv-04059-MCS-JEM

7

34999\15021152.1

1   38.   This Stipulated Final Judgment shall remain in effect until further order

2   of this Court.

3

4   **AGREED AND STIPULATED TO BY:**

5   **HAROLD IGDALOFF**

6

7   By:

8   Name:

9

10   Date: 8/27/22

11

12   **ESTATE OF EVELYN IGDALOFF, DECEASED**

13   By:

14

15   Name:

16   Date: 8/27/22

17

18   **IGDALOFF 1993 FAMILY TRUST**

19   By:

20

21   Name:

22   Date: 8/27/22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

1

**UNION PACIFIC RAILROAD COMPANY**

2

3   By: _____

4   Name:   Robert C. Bylsma

5

6   Title:   Sr. Regional Environmental Counsel

7   Date:   September 13, 2022

8

9                                          FARELLA BRAUN + MARTEL LLP

    Dated:  September 13 , 2022
10

11

12   By: _____
         Sarah P. Bell
13

14   Attorneys for Defendant Union Pacific Railroad
     Company
15
     Dated:  September ___, 2022      OLDMAN, COOLEY, SALLUS, BIRNBERG,
16                                     COLEMAN & GOLD, L.L.P.

17

18   By: _____
         Marshal A. Oldman
19

20   Specially Appearing for Defendants and
     Cross-Complainants Harold Igdaloff,
21   Estate of Evelyn Igdaloff, Deceased,
     and lgdaloff 1993 Family Trust
22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STIPULATED FINAL JUDGMENT –
Case No. 2:17-cv-04059-MCS-JEM                    9                    34999\15021152.1

**UNION PACIFIC RAILROAD COMPANY**

By: _____

Name: _____

Title: _____

Date: _____

FARELLA BRAUN + MARTEL LLP

Dated: September ___, 2022

By: _____
    Sarah P. Bell

Attorneys for Defendant Union Pacific Railroad Company

Dated: September 27, 2022

OLDMAN, COOLEY, SALLUS, BIRNBERG, COLEMAN & GOLD, L.L.P.

By: _____
    Marshal A. Oldman

Specially Appearing for Defendants and Cross-Complainants Harold Igdaloff, Estate of Evelyn Igdaloff, Deceased, and Igdaloff 1993 Family Trust

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STIPULATED FINAL JUDGMENT –
Case No. 2:17-cv-04059-MCS-JEM

9

34999\15021152.1

1    **IT IS SO ORDERED**.

2

3    Dated:_____

4                                          _____
                                           JUDGE MARK C. SCARSI
5                                          UNITED STATES DISTRICT COURT
                                           JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

STIPULATED FINAL JUDGMENT –
Case No. 2:17-cv-04059-MCS-JEM

10

34999\15021152.1

# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Defendants and Cross-Defendants HAROLD IGDALOFF, ESTATE OF EVELYN IGDALOFF, DECEASED, and the IGDALOFF 1993 FAMILY TRUST (referred to collectively herein as "Igdaloffs"), on the one hand, and Defendant and Cross-Claimant UNION PACIFIC RAILROAD COMPANY (collectively, "Union Pacific"), on the other hand.  These entities are referenced below collectively as "Parties" or individually as "Party."

## RECITALS

WHEREAS, Plaintiffs George and Roberta Torres alleged claims against multiple defendants, including Union Pacific and the Igdaloffs, in the lawsuit *Torres, et al. v. Igdaloff, et al.*, 2:17-cv-4059-MCS-JEM ("Action");

WHEREAS, Plaintiffs allege that each of the defendants in the Action are current or former owners and operators of the Site that caused or contributed to environmental contamination at the Site and are thus responsible for costs to investigate and remediate contamination at the Site;

WHEREAS, Union Pacific alleged cross-claims against the Igdaloffs;

WHEREAS, the Igdaloffs alleged cross-claims against Union Pacific;

WHEREAS, the Action relates to contamination from tetrachloroethylene ("PCE") and trichloroethylene ("TCE") in soil, soil vapor, and groundwater in and around 410 East 32nd Street and 317 East 33rd Street, Los Angeles, California;

WHEREAS, the 410 East 32nd Street property is comprised of APN 5120-017-901 ("Parcel A") and APN 5120-017-002 ("Parcel B").  Parcel A is a triangular section of property located on the northwest corner of that lot; and Parcel B is located on the remaining portion of the lot.  The 317 East 33rd Street property is comprised of APN 5120-017-030 ("Parcel C") (collectively, Parcels A, B and C are referred to herein as "Site");

WHEREAS, the Igdaloffs owned Parcels B and C from March 31, 1980 to June 7, 2006, and leased Parcel A from Union Pacific's predecessor, Southern Pacific Transportation Company ("Southern Pacific") from approximately July 30, 1980 until about January 14, 1991, and thereafter from the Los Angeles County Metropolitan Transportation Authority (LA Metro) until June 7, 2006;

WHEREAS, Union Pacific alleges that the Igdaloffs owned Parcels B and C, and leased Parcel A from Southern Pacific during periods in which operations at the Site released hazardous substances at or near the Site and contributed to contamination at or near the Site;

WHEREAS, Union Pacific further alleges that the Igdaloffs violated the terms of the Igdaloffs' lease with Southern Pacific, which lease, among other things, required the Igdaloffs to indemnify Union Pacific for costs and damages at issue in the Action and incurred by Union Pacific in connection with addressing contamination at the Site;

1

WHEREAS, on March 26, 2019, the California Environmental Protection Agency, Department of Toxic Substances Control ("DTSC") issued the Imminent and Substantial Endangerment Determination and Order, and Remedial Action Order, 410 E. 32nd Street & 317 E. 33rd Street, Los Angeles (Site Code 401862) ("ISE Order").  The ISE Order identifies, among others, the Igdaloffs and Union Pacific as potentially responsible parties for contamination at the Site;

WHEREAS, Union Pacific is the sole work party responding to the ISE Order and conducting the investigation and remediation of the Site pursuant to the ISE Order and the oversight of DTSC;

WHEREAS, the Parties deny that any of them released hazardous substances at or near the Site, deny that any of them contributed to contamination at or near the Site, and the Parties each deny all claims and allegations asserted against them and against each other in the Action;

WHEREAS, before May 20, 2022, the Action was then ongoing and was then unresolved as to the Parties, without the Parties having the opportunity to exhaust their rights to trial and appeal in the Action, and therefore without any final determinations of liability or damages of any kind, and without entries of judgment in the Action;

WHEREAS, on May 20, 2022, the Parties, each represented by their respective counsel, participated in mediation with Timothy Gallagher, Esq., during which the Parties reached a settlement that memorialized and confirmed in a written, binding and enforceable settlement term sheet that was signed by the Parties on May 20, 2022 ("Settlement Term Sheet");

WHEREAS, the Parties intend by this Agreement to further memorialize and detail the settlement described in the Settlement Term Sheet;

WHEREAS, the Parties intend that the Settlement Term Sheet shall remain binding and enforceable until the Effective Date of this Agreement, and that, upon the Effective Date of this Agreement, this Agreement will supersede the Settlement Term Sheet;

WHEREAS, the Parties enter into a settlement of the Action solely as a matter of compromise, and neither the Settlement Term Sheet nor this Agreement is an admission of the merits of the claims or defenses asserted by either side;

WHEREAS, to avoid the expense and uncertainty of further litigation and any subsequent appeals, the Parties now desire to confirm the settlement of all causes of action, claims, damages and relief that were or could have been alleged or sought in the Action as between the Parties;

WHEREAS, the Parties each recognize the substantial uncertainties and risks for each side associated with further litigation of the Action, including the fact that no trials have occurred and no judgments have been entered;

NOW, THEREFORE, in consideration of the above Recitals, the Settlement Term Sheet, and all of the following terms and conditions, the Parties agree to the following:

1. **Effective Date:**

      This Agreement is not binding and effective until all of the following have occurred: (a) this Agreement is fully executed by the signatories, and (b) the Court executes and files a written Order for good faith determination and contribution protection, as described in Section 5 below.  The "Effective Date" shall be the first date when (a) and (b) have occurred.

      The Settlement Term Sheet remains in effect, and is binding and enforceable between the Parties until the Effective Date.  Upon the Effective Date, this Agreement supersedes the Settlement Term Sheet.

2. **Payment by Igdaloffs:**

      The Igdaloffs shall pay in settlement to Union Pacific the total sum of $4,900,000, plus interest at the federal post-judgment interest rate (currently estimated to be approximately 2%), which interest shall begin accruing upon entry of the Stipulated Judgment as described in Section 3, below.  The Igdaloffs, as between each of them, shall have joint and several liability for the payments required under this Section 2.

3. **Stipulated Judgment and Recordation of Abstracts of Judgment:**

      Immediately after execution of this Agreement, the Parties will work in good faith to quickly negotiate and execute a Stipulated Judgment pursuant to Federal Rule of Civil Procedure 41(a)(2) reflecting the terms of this Agreement, and which will seek to establish the Court's continuing jurisdiction over the matters reflected herein.

      Union Pacific will file the Stipulated Judgment immediately following the Court's entry of the Order determining the settlement to be in good faith as set forth in Section 5 below.  Upon the Court's entry of the Stipulated Judgment, Union Pacific will record Abstracts of Judgment creating liens on real property owned by the Igdaloffs to secure the settlement payment described in Section 2.  Union Pacific will stay and forego enforcement of the Stipulated Judgment and the Abstracts of Judgment until after Mr. Igdaloff's death.

      Within ten (10) days of the Parties' execution of this Agreement, Igdaloffs shall, to the best of their ability, provide to Union Pacific notice of all real property owned (in part or in full) by the Igdaloffs, including the address, APN, assignment/lien/encumberment status, and ownership information and status of each piece/parcel of real property owned by the Igdaloffs. In furtherance of this effort, and upon execution of this Agreement, Union Pacific shall provide to Igdaloffs a list of real property believed to be owned by the Igdaloffs as identified in publicly available information.

      The Igdaloffs shall also provide any additional information necessary to complete, execute and record the Abstracts of Judgment with seven (7) days of any request for such information.

      The Igdaloffs represent and warrant that they have not sold, assigned, encumbered, or otherwise transferred any interest in any real property owned by the Igdaloffs since the Settlement Term Sheet was executed.

The Igdaloffs shall not sell, assign, encumber, or otherwise transfer any interest in real property owned by the Igdaloffs until after the Abstracts of Judgment are recorded.  After the Abstracts of Judgment are recorded, the Igdaloffs may not sell, assign, encumber, or otherwise transfer any interest in real property owned by the Igdaloffs other than as described in Section 4.

**4.      The Parties' Rights and Responsibilities Regarding the Igdaloffs' Real Property:**

In connection with any sale of property by the Igdaloffs as contemplated in this Section 4, the Igdaloffs will provide Union Pacific with written notice of such sale within three (3) calendar days of executing purchase and sale documents.  Mr. Igdaloff represents and warrants that he will provide a copy of this agreement to his real estate attorney, real estate broker, any persons with power of attorney or conservatorship of Mr. Igdaloff or the Igdaloffs, and any fiduciary of Mr. Igdaloff or the Igdaloffs in order to facilitate compliance with this Agreement.

(a)      **During Mr. Igdaloff's Life, Sale of First and Second of Igdaloffs' Properties**

During Mr. Igdaloff's life, Mr. Igdaloff or the Igdaloffs may sell up to two parcels of real property owned by the Igdaloffs pursuant to the terms of this Section 4(a), exluding property located at 810 East 18th St. and 815 East Washington Blvd., Los Angeles, California 90021 (APN 5131-004-034).

In the event that, during his life, Mr. Igdaloff or the Igdaloffs sell one or two pieces of real property as described in this Section, the proceeds of the sale of said property or properties will be distributed to Mr. Igdaloff and Union Pacific as follows:  (1) the total amount of any outstanding liens on the property or properties, the costs of sale, and any capital gains tax shall first be deducted from the proceeds of the sale(s); and (2) the remaining proceeds from the sale of the property or properties shall be divided equally between the Parties, fifty percent (50%) to Mr. Igdaloff, fifty percent (50%) to Union Pacific.

(b)      **During Mr. Igdaloff's Life, Sale of Any Additional Properties After Sale of First Two Properties**

If, during Mr. Igdaloff's life, Mr. Igdaloff or the Igdaloffs sell any property in addition to the first and second properties sold as described in Section 4(a), then Mr. Igdaloff and Union Pacific will negotiate in good faith to reach agreement on a formula for the distribution of the proceeds from any such further sale of real property that both allows Mr. Igdaloff to enjoy the benefit of the sale proceeds during his life, while also guaranteeing that sufficient proceeds are distributed to Union Pacific and/or that sufficient real property assets remain unsold to fully satisfy the judgment in favor of Union Pacific following Mr. Igdaloff's death.  The total distribution of any such sale to Union Pacific shall be in a range between fifty percent (50%) and sevety-five percent (75%) of the proceeds of the sale of said property.

If, following attempts to negotiate in good faith, the Parties are unable to reach agreement on a specific formula for the distribution of proceeds of the sale of real property pursuant to this Section 4(b), the Court shall retain jursidiction over this matter to establish a distribution formula concistent with the parameters described herein.

(c)     **During Mr. Igdaloff's Life, Limitations on Sale of Property at 810 East 18th Street and 815 East Washington Blvd., Los Angeles**

During Mr. Igdaloff's life, Mr. Igdaloff or the Igdaloffs may only sell the real property located at 810 East 18th St. and 815 East Washington Blvd., Los Angeles, California 90021 (APN 5131-004-034) with Union Pacific's advance consent, unless the proceeds from the sale of this property will be used to fully satisfy any outstanding balance on the Judgment and amounts owed Union Pacific under this Agreement.

(d)     Payment

Any payments made by the Igdaloffs to Union Pacific under the terms of this Agreement shall be mailed to Robert C. Bylsma and mailed to:

> Robert C. Bylsma
> Sr. Regional Environmental Counsel
> Union Pacific Railroad Company
> 9451 Atkinson Street
> Roseville, CA 95678

Mr. Igdaloff or the Igdaloffs, at their sole and absolute discretion, have the option to pay the judgment, or any portion thereof, prior to Mr. Igdaloff's death.

**5.     Good Faith Determination and Contribution Protection:**

This Agreement is contingent upon entry of an Order by the Court approving this settlement and determining that the settlement is in good faith pursuant to California Code of Civil Procedure Section 877.6, and barring any future claim against the Igdaloffs relating to the subject matter of the Action. *See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) (affirming district court's application of California Code of Civil Procedure Section 877.6, which constitutes substantive state law). The Igdaloffs shall prepare an initial draft of a motion for determination of good faith settlement, which Union Pacific will then finalize and file with the Court with supporting declarations.

**6.     Release:**

(a)     The Igdaloffs fully release Union Pacific (including its present and former officers, directors, employees, agents, shareholders, partners, attorneys, lenders, limited liability companies, partnerships, joint ventures, parents, subsidiaries, divisions and business groups, insurers, and all of its predecessors, successors and assigns, and each of them) from any and all known or unknown, direct or indirect, actual or potential, suspected or unsuspected, claims, demands, causes of action, damages, claims for attorneys' fees, interest, expenses, costs, contracts, orders, executions and liabilities, of any nature whatsoever, whether based on tort, contract, statute, or other legal or equitable theories of recovery, that the Igdaloffs alleged or could have alleged in the Action, including but not limited to allegations that Union Pacific

violated or is liable under the provisions of CERCLA,[1] HSAA,[2] or RCRA, and allegations that
Union Pacific is liable to the Igdaloffs for Site investigation or cleanup costs ("Igdaloffs'
Released Claims").

  Union Pacific fully releases the Igdaloffs (including their present and former officers,
directors, employees, agents, shareholders, partners, attorneys, lenders, limited liability
companies, partnerships, joint ventures, parents, subsidiaries, divisions and business groups,
insurers, and all of their predecessors, successors and assigns, and each of them) from any and all
known or unknown, direct or indirect, actual or potential, suspected or unsuspected, claims,
demands, causes of action, damages, claims for attorneys' fees, interest, expenses, costs,
contracts, orders, executions and liabilities, of any nature whatsoever, whether based on tort,
contract, statute, or other legal or equitable theories of recovery, that Union Pacific alleged or
could have alleged in the Action, including but not limited to allegations that the Igdaloffs
violated or are liable under the provisions of CERCLA, HSAA, or RCRA, and allegations that
the Igdaloffs are liable to Union Pacific for Site investigation or cleanup costs ("Union Pacific's
Released Claims").

**7.**  **Responsibilities and Covenants Relative to DTSC ISE Order:**

  For and in part consideration of the payments described in Section 2, Union Pacific will
be solely responsible for undertaking and shall undertake all investigation, remedial actions and
implementation of the remedy to standards required for commercial/industrial uses required by
DTSC under the ISE Order or any lawful order for the Site (whether previously issued or to be
issued in the future), or any amendment thereto, including but not limited to changes in the scope
or duration of DTSC-required investigations and remedial actions for the Site.  Union Pacific's
obligations under this Section shall be deemed satisfied upon issuance of a "no further action" or
equivalent determination or correspondence from DTSC or any other regulator with authority for
the Site.

  The Igdaloffs covenant that they will not assert or initiate any comment or challenge
against either Union Pacific's or DTSC's proposals or decisions regarding the investigation and
remediation of the Site.

**8.**  **Section 1542 Waiver:**

  (a)  Section 1542 of the California Civil Code provides as follows:

    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
    CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO

---

[1]  CERCLA is the Comprehensive Environmental Response, Compensation, and Liability Act of
1980, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. 99-
499, 100 Stat. 1613, 42 U.S.C. Section 9601, *et seq*.

[2]  HSAA is the Carpenter-Presley-Tanner Hazardous Substances Account Act, California Health
and Safety Code Section 25300 *et seq*.

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

(b)    The Igdaloffs and Union Pacific hereby each waive the provisions of Section 1542 and release and relinquish any rights each may have under that Section or any similar law and the application of said Section or law to any future disputes with respect to the Igdaloffs' Released Claims and Union Pacific's Released Claims in Section 7 above.  The Igdaloffs and Union Pacific acknowledge that before executing this waiver each was fully advised by legal counsel about the effects of waiving the provisions of, and their rights under, Civil Code Section 1542.

(c)    In connection with such waiver and relinquishment, the Igdaloffs and Union Pacific acknowledge that each is aware that, after executing this Agreement, each of them or each of its attorneys or agents may discover claims or facts in addition to, or different from, those that each now knows or believes exist with respect to the subject matter of this Agreement or the Parties hereto, but that it is each of their intention to hereby fully, finally, and forever settle and release all of the claims, matters, disputes, differences, whether known or unknown, suspected or unsuspected, which now exist, may exist or hereto have existed against the Igdaloffs and Union Pacific, and which arise out of or relate directly to the Igdaloffs' Released Claims and Union Pacific's Released Claims in Section 7 above.

9.    **Notice**:

All notices to the Parties relating to this Agreement shall be written, and are to be made as follows:

|  |  |
|---|---|
| To the Igdaloffs: | 11806 Bellagio Road<br>Los Angeles, CA  90049 |
| To Union Pacific: | Robert C. Bylsma<br>rcbylsma@up.com<br><br>cc:  Sarah P. Bell, Esq.<br>Farella Braun + Martel LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA  94104<br>Tel:  (415) 954-4450<br>sbell@fbm.com |

All Parties may revise, amend, or otherwise change the persons to whom notice shall be made pursuant to this Section 9 – without the need to amend or supplement this Agreement – by providing written notice of the same to the persons identified in this Section 9.

10.    **Attorneys' Fees and Costs:**

Each Party shall be responsible for its own attorneys' fees, expert fees, legal expenses, and other costs incurred in connection with the Action and the preparation of this Agreement.

11.    **Choice of Law:**

The laws of the State of California shall govern the performance and interpretation of this Agreement.

12.    **Disputes:**

If any Party allegedly breaches any term or condition in this Agreement, prompt notice of the alleged breach shall be provided in writing, and the Parties shall promptly attempt in good faith to resolve the dispute, including mediating such dispute with a mediator of the Parties' choosing.  If the Parties cannot resolve the dispute, pursuant to Federal Rule of Civil Procedure 41(a)(2) and the Court's ancillary jurisdiction to enforce settlement agreements that have been made part of the order of dismissal (*see Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007), the Honorable Mark C. Scarsi of the United States District Court, Central District of California, shall retain exclusive jurisdiction over this Action to enforce this Agreement, or if he is not available such other judge as may be assigned by the United States District Court, Central District of California.  Venue for any legal action initiated by any Party to enforce any portion of this Agreement shall be in the United States District Court, Central District of California.  In any litigation between the Parties to enforce this Agreement, the Court retains the discretion to award to the prevailing Party its reasonable attorneys' fees, costs and expert or consultant fees and expenses incurred to enforce this Agreement.

13.    **Representations and Warranties:**

Each Party to this Agreement represents and warrants:

(a)    that the undersigned representative for such Party has full and complete authority to execute this Agreement and to bind that Party to its terms and conditions;

(b)    that the execution and delivery of this Agreement and the consummation of the transactions contemplated hereby have been duly authorized by all necessary actions required by that Party;

(c)    that the execution and delivery of this Agreement constitutes a legal and binding obligation of each respective Party;

(d)    that the release granted herein constitutes a legal and binding obligation of that Party;

(e)    that the parties have made such investigation of the facts pertaining to this Agreement they deem necessary.  The Parties understand that if any fact with respect to any matter covered by this Agreement is found hereafter to be other than, or different from, the facts now believed by the Parties to be true, the Parties, and each of them, expressly accept and

assume the risk of such possible difference in facts and agree that this Agreement shall become and remain effective notwithstanding such different facts; and

(f)      that it has been represented in negotiations for settlement and preparation of this Agreement by counsel of its own choosing, and that it has read this Agreement and has had the opportunity to have it fully explained to it by its own counsel and is fully aware of its contents and of its legal effect.

**14.     <u>Cooperation</u>:**

The Parties to this Agreement shall cooperate and promptly execute any and all documents and perform any and all actions necessary to effectuate and maintain the obligations under this Agreement.

**15.     <u>Agreement Not an Admission</u>:**

No provision of this Agreement or any conduct by any Party or Party representative, in entering into this Agreement, shall be construed in any event as an admission of any kind by any Party.  This Agreement shall not be admissible in evidence in any future dispute involving any Party except an action to enforce this Agreement. The Parties specifically deny any wrongdoing and intend by this settlement merely to avoid any dispute and any expense and inconvenience associated with present and future litigation or legal claims.

**16.     <u>Execution in Counterparts</u>:**

This Agreement may be executed in one or more counterparts (including multiple signature pages) and may be signed and exchanged by electronic mail or facsimile, each of which shall be deemed an original and all of which shall constitute one and the same instrument. If this Agreement is executed in counterparts, it shall have the same effect as if the Parties have signed the same Agreement.

**17.     <u>Partial Invalidity</u>:**

If any provision in this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions of the Agreement shall continue in full force without being impaired or invalidated so long as enforcement of the remainder does not do violence to the essence of the Agreement.

**18.     <u>No Third-Party Beneficiaries</u>:**

This Agreement is solely for the benefit of the Parties hereto, and nothing in this Agreement is intended or shall be construed to provide any rights or defenses to any other person or entity.

**19.     <u>Successors/Assigns</u>:**

This Agreement is binding upon, and inures to the benefit of, each Party and their respective successors, estates, and assigns.

20.  **Ambiguity:**

Each Party participated in the negotiation of this Agreement, and no ambiguities in this Agreement may be resolved in favor of one Party on the ground that another Party was the drafter of this Agreement.

21.  **Entire Agreement:**

This Agreement constitutes the entire agreement between the Parties pertaining to the subject matter hereof and pursuant to Section 1 herein, this Agreement supersedes all prior and contemporaneous agreements, understandings, representations, negotiations and discussions, whether oral or written, between the Parties.  No supplement, modification, waiver or termination of this Agreement or any provision hereof shall be binding unless executed in writing by each Party to be bound by the supplement, modification, waiver or termination.  The Recitals set forth at the beginning of this Agreement shall not be admissible to prove the truth of the matters asserted therein in any action or proceeding involving any Party (other than in an action or proceeding brought to enforce or interpret the terms of this Agreement), nor do any of the Parties intend such recitals to constitute admissions of fact by any of them.

[*Signature page to follow*]

Approved as to form:

**OLDMAN, COOLEY, SALLUS, BIRNBERG, COLEMAN & GOLD, L.L.P.**,
Attorneys for HAROLD IGDALOFF, ESTATE OF EVELYN IGDALOFF,
DECEASED, and IGDALOFF 1993 FAMILY TRUST

By: _____

Name: _____

Date: _____

**HAROLD IGDALOFF**

By: _____

Name: _____

Date: _____

**ESTATE OF EVELYN IGDALOFF, DECEASED**

By: _____

Name: _____

Date: _____

**IGDALOFF 1993 FAMILY TRUST**

By: _____

Name: _____

Date: _____

**Approved as to form:**

**FARELLA BRAUN + MARTEL LLP,**
Attorneys for UNION PACIFIC RAILROAD COMPANY

By: _____

Name: _____Sarah P. Bell_____

Date: _____07/12/22_____

**UNION PACIFIC RAILROAD COMPANY**

By: _____

Name: _____JAMES B. BOLES_____

Title: _____VICE PRESIDENT - LAW_____

Date: _____July 21, 2022_____