1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10  GEORGE TORRES, an individual; and      Case No. 2:17-cv-04059-MCS-JEM
    ROBERTA TORRES, an individual,
11                                          **STIPULATED FINAL JUDGMENT**
                    Plaintiff,
12
          vs.
13
    HAROLD IGDALOFF, *et al.,*
14
                    Defendants.
15
    UNION PACIFIC RAILROAD
16  COMPANY, a Delaware corporation
17        Defendant and Cross-Claimant,
18  vs.
19  HAROLD IGDALOFF, *et al.*.
20        Defendants and Cross-Defendants.
21  AND RELATED CROSSCLAIMS
22
23
24
25
26
27
28

1    WHEREAS, Cross-Defendant Union Pacific Railroad Company ("Union

2  Pacific") and Cross-Defendants Harold Igdaloff, Estate of Evelyn Igdaloff, Deceased,

3  and Igdaloff 1993 Family Trust (collectively, the "Igdaloffs") (Union Pacific and the

4  Igdaloffs are referred to herein as "Parties") have stipulated and consented to the entry

5  of this Stipulated Final Judgment, and

6    WHEREAS, the Court having considered the matter and good cause appearing

7  therefor,

8    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

9    1.    This Court has current and continuing jurisdiction of the Parties hereto and

10  the subject matter hereof.

11    2.    Plaintiffs George and Roberta Torres alleged claims against multiple

12  defendants, including Union Pacific and the Igdaloffs, in this action ("Action").

13    3.    Plaintiffs alleged that each of the defendants in the Action are current or

14  former owners and operators of the Site that caused or contributed to environmental

15  contamination at the Site and are thus responsible for costs to investigate and remediate

16  contamination at the Site.

17    4.    Union Pacific alleged cross-claims against the Igdaloffs.

18    5.    The Igdaloffs alleged cross-claims against Union Pacific.

19    6.    The Action relates to contamination from tetrachloroethylene ("PCE") and

20  trichloroethylene ("TCE") in soil, soil vapor, and groundwater in and around 410 East

21  32nd Street and 317 East 33rd Street, Los Angeles, California.

22    7.    The 410 East 32nd Street property is comprised of APN 5120-017-901

23  ("Parcel A") and APN 5120-017-002 ("Parcel B").  Parcel A is a triangular section of

24  property located on the northwest corner of that lot; and Parcel B is located on the

25  remaining portion of the lot.  The 317 East 33rd Street property is comprised of APN

26  5120-017-030 ("Parcel C") (collectively, Parcels A, B and C are referred to herein as

27  "Site").

28

8.     The Igdaloffs owned Parcels B and C from March 31, 1980 to June 7, 2006, and leased Parcel A from Union Pacific's predecessor, Southern Pacific Transportation Company ("Southern Pacific") from approximately July 30, 1980 until about January 14, 1991, and thereafter from the Los Angeles County Metropolitan Transportation Authority (LA Metro) until June 7, 2006.

9.     Union Pacific alleges that the Igdaloffs owned Parcels B and C, and leased Parcel A from Southern Pacific during periods in which operations at the Site released hazardous substances at or near the Site and contributed to contamination at or near the Site.

10.     Union Pacific further alleges that the Igdaloffs violated the terms of the Igdaloffs' lease with Southern Pacific, which lease, among other things, required the Igdaloffs to indemnify Union Pacific for costs and damages at issue in the Action and incurred by Union Pacific in connection with addressing contamination at the Site.

11.     On March 26, 2019, the California Environmental Protection Agency, Department of Toxic Substances Control ("DTSC") issued the Imminent and Substantial Endangerment Determination and Order, and Remedial Action Order, 410 E. 32nd Street & 317 E. 33rd Street, Los Angeles (Site Code 401862) ("ISE Order").

12.     The ISE Order identifies, among others, the Igdaloffs and Union Pacific as potentially responsible parties for contamination at the Site.

13.     Union Pacific is the sole work party responding to the ISE Order and conducting the investigation and remediation of the Site pursuant to the ISE Order and the oversight of DTSC.

14.     The Parties deny that any of them released hazardous substances at or near the Site, deny that any of them contributed to contamination at or near the Site, and the Parties each deny all claims and allegations asserted against them and against each other in the Action.

15.     The Parties have executed a written Settlement Agreement (attached as Exhibit 1 to ECF No. 487) and have agreed to this Stipulated Final Judgment, both of

which are intended to resolve the remaining claims in the Action.  Except as expressly and otherwise stated in this Stipulated Final Judgment, the terms of the written Settlement Agreement remain in full force and effect.

16.     The Igdaloffs shall pay in settlement to Union Pacific the total sum of $4,900,000, plus interest at the federal post-judgment interest rate (currently estimated to be approximately 2%), which interest shall begin accruing upon entry of this Stipulated Final Judgment.  The Igdaloffs, as between each of them, shall have joint and several liability for this payment.

17.     Following entry of this Stipulated Final Judgment, Union Pacific will record Abstracts of Judgment creating liens on real property owned by the Igdaloffs to secure the settlement payment.

18.     Union Pacific will stay and forego enforcement of this Stipulated Final Judgment and the Abstracts of Judgment until after Mr. Igdaloff's death.

19.     The Igdaloffs shall, to the best of their ability, provide to Union Pacific notice of all real property owned (in part or in full) by the Igdaloffs, including the address, APN, assignment/lien/encumberment status, and ownership information and status of each piece/parcel of real property owned by the Igdaloffs.

20.     Union Pacific shall provide to the Igdaloffs a list of real property believed to be owned by the Igdaloffs as identified in publicly available information.

21.     The Igdaloffs shall also provide any additional information necessary to complete, execute and record the Abstracts of Judgment within seven (7) days of any request for such information.

22.     The Igdaloffs shall not sell, assign, encumber, or otherwise transfer any interest in real property owned by the Igdaloffs until after the Abstracts of Judgment are recorded.

23.     In connection with any sale of property by the Igdaloffs, the Igdaloffs will provide Union Pacific with written notice of such sale within three (3) calendar days of executing purchase and sale documents.

24.    After the Abstracts of Judgment are recorded, the Igdaloffs may not sell, assign, encumber, or otherwise transfer any interest in real property owned by the Igdaloffs other than as described in Paragraphs 25-29.

25.    During Mr. Igdaloff's life, Mr. Igdaloff or the Igdaloffs may sell up to two parcels of real property owned by the Igdaloffs pursuant to the terms of Paragraphs 25-26, excluding property located at 810 East 18th St. and 815 East Washington Blvd., Los Angeles, California 90021 (APN 5131-004-034).

26.    In the event that, during his life, Mr. Igdaloff or the Igdaloffs sell one or two pieces of real property as described in Paragraph 25, the proceeds of the sale of said property or properties will be distributed to Mr. Igdaloff and Union Pacific as follows: (1) the total amount of any outstanding liens on the property or properties, the costs of sale, and any capital gains tax shall first be deducted from the proceeds of the sale(s); and (2) the remaining proceeds from the sale of the property or properties shall be divided equally between the Parties, fifty percent (50%) to Mr. Igdaloff, fifty percent (50%) to Union Pacific.

27.    If, during Mr. Igdaloff's life, Mr. Igdaloff or the Igdaloffs sell any property in addition to the first and second properties sold as described in Paragraphs 25-26, then Mr. Igdaloff and Union Pacific will negotiate in good faith to reach agreement on a formula for the distribution of the proceeds from any such further sale of real property that both allows Mr. Igdaloff to enjoy the benefit of the sale proceeds during his life, while also guaranteeing that sufficient proceeds are distributed to Union Pacific and/or that sufficient real property assets remain unsold to fully satisfy the Judgment in favor of Union Pacific following Mr. Igdaloff's death.  The total distribution to Union Pacific of any such sale shall be in a range between fifty percent (50%) and seventy-five percent (75%) of the proceeds of the sale of said property.

28.    If, following attempts to negotiate in good faith, the Parties are unable to reach agreement on a specific formula for the distribution of proceeds of the sale of real property pursuant to these Paragraphs 27-28, the Court retains jurisdiction over this

matter to establish a distribution formula consistent with the parameters described herein.

29.     During Mr. Igdaloff's life, Mr. Igdaloff or the Igdaloffs may only sell the real property located at 810 East 18th St. and 815 East Washington Blvd., Los Angeles, California 90021 (APN 5131-004-034) with Union Pacific's advance consent, unless the proceeds from the sale of this property will be used to fully satisfy any outstanding balance on the Judgment and amounts owed Union Pacific under the Judgment and Settlement Agreement.

30.     Union Pacific will be solely responsible for undertaking and shall undertake all investigation, remedial actions, and implementation of the remedy to standards required for commercial/industrial uses required by DTSC under the ISE Order or any lawful order for the Site (whether previously issued or to be issued in the future), or any amendment thereto, including but not limited to changes in the scope or duration of DTSC-required investigations and remedial actions for the Site.  Union Pacific's obligations under this Section shall be deemed satisfied upon issuance of a "no further action" or equivalent determination or correspondence from DTSC or any other regulator with authority for the Site.

31.     The Igdaloffs shall not assert or initiate any comment or challenge against either Union Pacific's or DTSC's proposals or decisions regarding the investigation and remediation of the Site.

32.     Except as specifically set forth in the Settlement Agreement, each party shall bear its own attorneys' fees, expert fees, legal expenses, and other costs incurred in connection with this Action.

33.     Each below-undersigned representative for such Party represents and warrants that it has the full and complete authority to enter into this Stipulated Final Judgment, and to bind that party to the terms and conditions of this Stipulated Final Judgment.

34.     This Stipulated Final Judgment shall be enforceable in this Court by either Union Pacific or the Igdaloffs.

35.     If any Party allegedly breaches any provision of this Stipulated Final Judgment or the Settlement Agreement, prompt notice of the alleged breach shall be provided in writing, and the Parties shall promptly attempt in good faith to resolve the dispute, including mediating such dispute with a mediator of the Parties' choosing. Notice to Union Pacific shall be via email to:  Robert C. Bylsma, rcbylsma@up.com, and Sarah P. Bell, sbell@fbm.com.  Notice to the Igdaloffs shall be via overnight mail to Mr. Igdaloff, 11806 Bellagio Road, Los Angeles, CA 90049, and email to:  Marshal A. Oldman, mao@oclslaw.com.

36.     If the Parties cannot resolve the dispute, pursuant to Federal Rule of Civil Procedure 41(a)(2) and the Court's ancillary jurisdiction to enforce settlement agreements that have been made part of the order of dismissal (*see Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007)), the Court retains exclusive jurisdiction over this Action to enforce this Stipulated Final Judgment and the Settlement Agreement, and to take such further action as may be necessary or appropriate to enforce this Stipulated Final Judgment and Settlement Agreement, and any subsequent orders of the Court relating thereto.

37.     Enforcement of this Stipulated Final Judgment and/or the Settlement Agreement shall be filed before and decided by the Honorable Mark C. Scarsi of the United States District Court, Central District of California, or if he is not available, such other judge as may be assigned by the United States District Court, Central District of California.

/ / /

/ / /

7

38.     This Stipulated Final Judgment shall remain in effect until further order of this Court.

**IT IS SO ORDERED.**

Dated: October 4, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE